## CLARK v. RUSSELL.

CONSTRUCTION OF CONTRACT — *interest on promissory note.* Upon a note payable in thirty days, " with ten per cent interest per month," interest was allowed at the rate specified, until maturity, and, after maturity, a⁺ the rate of ten per cent per annum.

### *Error to District Court, Gilpin County.*

Mr. L. C. ROCKWELL, for plaintiff in error.

Messrs. JOHNSON & TELLER, for defendant in error.

HALLETT, C. J.   This action was brought upon a promissory note, of which the following is a copy :

" $95.27.   Thirty days after date, I promise to pay A. S. Carpenter, or order, the sum of ninety-five dollars, 27-100, for value received, with ten per cent interest per month.

" B. O. RUSSELL,

" THOMAS SMITH."

*Nevada,* K. T., *November,* 26, 1860.

There was judgment below for the plaintiff, and the court in assessing the damages computed interest at ten per cent per month, from the date of the note until it fell due, and, after the note was due, at the rate of ten per cent per annum.   This is assigned as error, the plaintiff alleging, that he is, by the terms of the note, entitled to interest at the rate therein specified, from the date of the note up to the time the judgment was entered.   In the absence of any agreement, the legal rate of interest in this territory is ten per cent per annum, and, as the plaintiff claims a higher rate, namely, ten per cent per month, of course he rests his claim upon the language of the note.

We cannot distinguish this case from *Brewster* v. *Wakefield,* 22 How. (U. S.) 118.   The Minnesota act referred to in that case is substantially the same as our own, except as to the rate of interest in the absence of agreement, and the facts in that case raised the question we are now considering.   The supreme court, speaking of the notes upon which

that action was founded, and which, as to the stipulation for interest, were the same as the note upon which this action is founded, say : " The contract being entirely silent as to interest, if the notes should not be punctually paid, the creditor is entitled to interest after that time by operation of law, and not by any provision in the contract." This lays down the correct rule adopted by the district court in computing the interest in this case, and no error was committed by that court.

The judgment of the district court is affirmed, with costs.

*Affirmed.*