## FREAS *v.* TRUITT et al.

RECORD — *a bill of particulars* attached to a declaration and inserted in the transcript of the record by the clerk is no part of the record.

BILL OF EXCEPTIONS — *when necessary.* Therefore a variance between an account given in evidence and that attached to the declaration cannot be alleged if the latter has not been set out in the bill of exceptions.

EVIDENCE — *whether an account current must contain the items.* An account for merchandise sold and delivered is sufficient, although it appears to be for a gross sum and does not specify the articles sold.

*Presumption as to bill of exchange not in evidence.* If plaintiffs count upon a bill of exchange, and for goods sold and delivered, and at the trial the bill is not offered, the court will presume that it was not made. It will not be assumed that the bill was given for the goods mentioned in another count, and that it is outstanding.

*Failure to object to account rendered within reasonable time.* A merchant having purchased goods and received an account thereof by mail, will be held to have admitted the correctness of such account if he does not, within several mails thereafter, notify his correspondents that he objects to the account.

### Appeal from District Court, Gilpin County.

ASSUMPSIT by Robert W. Truitt and Thomas B. Watson against the appellant, Lorenzo M. Freas. The first count of the declaration was upon a draft for $1,385.26, drawn by A. Bechtel, of Georgetown, Colorado, upon John Wiest, as treasurer of a mining company at Philadelphia, to the order of appellant, and by him indorsed to appellees. The common counts for goods sold and delivered, for work and materials, for money lent, etc., were also in the declaration.

A general account, corresponding in its specifications with the common counts, was attached to the declaration. The defendant filed the general issue upon which the cause was tried before a jury.

The plaintiffs gave in evidence their own depositions, as follows :

Deposition of Thomas D. Watson :

That he is one of the plaintiffs in the case, and that the firm do business under the name of Truitt, Watson & Co., in the city of Philadelphia ; that he knew the defendant ; first knew him by his purchasing goods at plaintiffs' store on May 3, 1866 ; that he had had dealings with the defendant from May 3, 1866, to March 31, 1869 ; that all the dealings were on orders from the defendant except the first purchase which was made by the defendant in person from him ; defendant purchased goods from plaintiff on credit, and that exhibit " A," attached to deposition, was a statement showing when purchases were made, and amount of purchases ; that such purchases were all made by letters ordering the same from the defendant, except that of May 3, 1866, which was made by defendant in person ; that on April 20, 1872, there was a balance due from defendant to plaintiff of $2,821.55.

That witness attaches to his deposition an exhibit marked " A," showing the nature and amount of the indebtedness, and the date and dates when the same was contracted.

That an original bill of items was delivered or sent to defendant, and a statement of account showing the balance due from the defendant to plaintiff was sent to him on the maturity of each recurring account, and that subsequently, about June, 1870, witness sent him a statement of the balance due plaintiff in all. That defendant regularly remitted plaintiff money without finding any fault or raising any objection until the presentation of the final account, when he wrote plaintiff in answer that he would not pay the bill unless a large reduction was made on it, alleging shrinkage in the value of goods from alleged over-charge, and that on that account the greater portion of the goods were still on

his shelves. The prices for the goods were agreed upon at the first purchase, but subsequent orders were charged at the regular market rates, and are as low as similar goods could be purchased at the time; the prices are reasonable. That defendant never objected to the charges for a period of two years after such purchases, when he objected to paying final account.

Defendant objected to the answer to the seventh interrogatory, being the last above, because it referred to a bill of goods not in controversy; was purchased in 1866, and not in this case. Objection overruled by the court, and exception by the defendant.

In every case bills were made out and sent to the defendant, showing the prices charged. No objection was made at the time by the defendant.

That at the time the goods were sold to the defendant their values were based upon the premiums on gold, and were as low as similar classes of goods could be purchased at the time. No objection was raised to the prices for a period of two years, and during that time the premium on gold had fallen about 50 per cent; that the shrinkage of the value of goods of which defendant complained was something with which plaintiff had nothing to do, and over which he had no control. That from time to time during the reception of the goods defendant continued to order goods without any complaint.

Deposition of Robert W. Truitt:

He has known defendant since May 3, 1866, at which time defendant purchased a bill of goods at house in Philadelphia

The firm of witness dealt with the defendant from May 3, 1866, until March 31, A. D. 1869. All dealings were by order except the first sale to him of May 3, 1866.

Defendant purchased goods of plaintiff on credit, and witness annexes to his deposition, statement marked Exhibit "A," showing when such purchases were made, and the amount of the same. That such purchases were made entirely by letters, ordering same, except that of May 3d,

1866, which was made by defendant personally. That there was a balance due the plaintiff from the defendant on April 20th, 1872, of $2,821.55.

Witness annexes to his deposition a statement marked Exhibit "A," showing the nature and amount of the indebtedness, and the dates when the same was contracted. An original bill of items for each purchase was delivered, or sent to defendant, and a statement of account showing the balance due from defendant to plaintiff, was sent to him upon the maturity of each recurring account. About June, 1870, there was sent to him a statement of the balance then owing plaintiff. Defendant regularly remitted money to plaintiff without objection or finding any fault with the goods, or prices, until the presentation of plaintiff's final account, when he wrote to plaintiff that he would not pay the bill unless a large deduction was made on it, alleging a shrinkage in value of goods from alleged overcharge, and that on that account the greater part of the goods was still on his shelves. At the time of the first purchase, the prices were agreed to by the defendant in person. His subsequent orders were charged at the regular market rates, and were as low as similar goods could be obtained at the time ; the prices were reasonable. That defendant never objected to the charges during a period of two years after such purchases ; he then objected to paying the last account.

The defendant objected to the answer to interrogatory last above, because it refers to a bill of goods not in controversy, purchased in 1866, and not in the case.

Objection overruled by the court, and exception by the defendant.

In every case bills were made out and sent to the defendant, showing the prices charged. No objections were ever raised by the defendant at the time.

(The balance of Truitt's evidence the same exactly as that of witness Watson, heretofore set out.)

EXHIBIT "A."

Mr. L. M. FREAS,

| 1866. | To TRUITT & Co., *Dr.* | |
|---|---|---|
| May 3d, '66. | To mdse................... | $1,348 43 |
| April 15th, '67, | " ................... | 1,955 55 |
| April 28th, '68, | " ................... | 1,304 08 |
| June 3d, '68, | " ................... | 1,333 71 |
| Sept. 28th, '68, | " ................... | 2,631 81 |
| M'ch 31st, '69, | " ................... | 40 00 |
| Aug. 24th, '70, | To protest fees,............. | 2 31 |
| | | $8,615 89 |

*Cr.*

| Dec. 1st, '66, | By cash and interest.......... | $1,354 33 |
|---|---|---|
| April 16th, '68. | " " " .......... | 1,000 00 |
| May 30th, '68, | " " " .......... | 1,100 00 |
| July 18th, '69, | " " " .......... | 1,000 00 |
| " 25th, '69, | " " " .......... | 1,000 00 |
| May 1st, '70, | " " " .......... | 1,000 00 |
| | | $6,254 33 |

| Balance due........................... | $2,161 56 |
|---|---|
| Add. interest to April 20th, '72,.... ...... | 659 99 |
| | $2,821 55 |

Defendant objected to Exhibit "A," because it was an aggregated account, did not show the items, and it was not the account in controversy. The objection was overruled, and the defendant excepted.

This was all the evidence offered. The charge of the court was in these words ;

"First. If the jury believe from the evidence that the plaintiff and defendant were merchants, the plaintiff residing in Philadelphia and the defendant in Central City, Colorado ; and if you shall further find from the evidence that the defendant purchased of the plaintiff the goods described

in the declaration and has failed to pay for the same, then you will find for the plaintiff and assess their damages at what you find the goods are reasonably worth.

" Second. Although you may find from the evidence that the plaintiff is not entitled to recover in the last count of the declaration as on account stated, yet if you find that the plaintiff sold and delivered to the defendant the goods described in second count of declaration, and that the defendant has not paid for the same, but that the amount is still due and unpaid, then you may find for the plaintiff on the count for goods sold and delivered, and assess his damages at what you find due him, excluding, however, from your consideration, all items prior to April 28, 1868.

" Third. If the jury believe from the evidence that the defendant purchased merchandise of the plaintiff at different times, and that an original bill of items for such purchase was delivered or sent to defendant by plaintiff, and also a statement of account showing the balance due from the defendant to the plaintiff was sent to him upon the maturity of each account, and that defendant did not, within a reasonable time after he examined the same, make any objection thereto, his silence unexplained is an implied admission of the correctness of such account so sent him, though not conclusive evidence thereof, and if such accounts so sent by the plaintiff to the defendant constitute the account herein sued on, and there is no proof on the part of the defendant challenging the correctness of such accounts, then, upon the evidence adduced by the plaintiff, you will be warranted in finding a verdict for him for the amount you may find due.

" Fourth. If, after receiving such accounts, if you find they were so received by the defendant, he allowed several mails to pass after he examined the same without making any objection to the correctness of the same, then the plaintiff had a right to infer from the silence that the defendant admitted the correctness of the accounts so sent by him to the defendant.

" Fifth. The plaintiff is entitled to no interest unless you

find there was a final settlement of accounts between the plaintiff and defendant."

The court instructs the jury that there can be no account stated to be taken as a settled account until the final closing of the entire matter and the striking a balance, and if a final account is tendered and no objection is made within a reasonable time, it may be taken as correct and treated as an account stated.

The jury found for plaintiffs, and defendant appealed.

Mr. G. B. REED, for appellant.

Mr. HUGH BUTLER, for appellees.

WELLS, J.   The objection taken on the trial to the admission of testimony, as to the statement of account which was attached to the deposition of the witnesses sworn for the plaintiffs, was based in part upon an alleged variance between this statement and the bill of particulars filed with the plaintiffs' declaration.   But this latter paper is not incorporated into the bill of exceptions, and of itself is no part of the record. *Cook* v. *Hughes*, 1 Col. 51.   We cannot, therefore, regard the alleged variance.   The objection taken to the statement, as an aggregated and not an itemized account, is not well taken.

No evidence was given touching the drawing and acceptance of the bill of exchange mentioned in the first count of the declaration.   The defendant's plea goes to the whole declaration ; the allegation of the first count being, therefore, fully denied, and no evidence being produced by the plaintiffs to maintain the issues thus joined, it must be assumed that no such bill of exchange was ever made or accepted.   What is said in argument as to the effect of the plaintiffs' omission to prosecute the acceptor must be disregarded.

No error is perceived in the instructions given by the court, nor in refusing those prayed by the defendant.

The judgment is affirmed, with costs.

*Affirmed.*