[No. 103-40568-1.    Division One.    April 27, 1970.]
Panel 2

F. S. Jones Construction Co., *Respondent*, v. Duncan Crane & Rigging, Inc., *Appellant*.

*Ray L. Greenwood,* for appellant.

*Ferguson & Burdell* and *William B. Moore,* for respondent.

Williams, J.—Plaintiff F. S. Jones Construction Co., Inc., (Jones) sued its subcontractor, Duncan Crane & Rigging, Inc., (Duncan) for damages resulting from Duncan's alleged breach of the subcontract. The trial court awarded damages to Jones, and Duncan appeals.

Jones was awarded the prime contract to construct a border patrol station at Blaine, Washington. The contract specified that precast cement panels, designed to be 15 feet

in width, were to be used for the walls of the building. Associated Sand & Gravel Co., Inc., of Everett, was engaged to cast the panels and transport them to the job site. The subcontract between Jones and Duncan, dated March 30, 1965, called for Duncan to erect the panels. The subcontract incorporated the terms of the prime contract by reference.

A change in the panel design from 15 feet to 10 feet in width was verbally ordered by the owner (United States Government) prior to March 30, 1965. Formal written notice of the reduction was not given to Duncan until May 15, 1965. The reduction in the size of the panels increased the number to be installed from 32 to 48. Duncan claimed this would cause more work and demanded an additional compensation of $2,700. Jones took the position that the increase of 16 pieces from a total job of 196 pieces was minor, and the cost savings would balance the cost increase. Ultimately, Jones was required to hire another crane company on a time and material basis at a cost of $8,762.51 more than the Duncan contract.

The pertinent provisions of the subcontract are:

(e) The CONTRACTOR may, without invalidating this SUBCONTRACT, order extra work or make changes by altering, adding to, or deducting from the work; the price herein being adjusted accordingly. All such work shall be executed under the conditions hereof, and of the main contract. . . .

(f) Any changes, not specifically included, against the SUBCONTRACTOR by the CONTRACTOR, or against the CONTRACTOR by the SUBCONTRACTOR, for labor, services or materials supplied, or any other backcharges, will not be paid unless same have been agreed to in writing.

Clause 3 of the prime contract, incorporated into the subcontract by reference, states:

3. CHANGES

The Contracting Officer may, at any time, by written order, and without notice to the sureties, make changes in the drawings and/or specifications of this contract if within its general scope. If such changes cause an increase or decrease in the Contractor's cost of, or time

required for, performance of the contract, an equitable adjustment shall be made and the contract modified in writing accordingly. Any claim of the Contractor for adjustment under this clause must be asserted in writing within 30 days from the date of receipt by the Contractor of the notification of change unless the Contracting Officer grants a further period of time before the date of final payment under the contract. If the parties fail to agree upon the adjustment to be made, the dispute shall be determined as provided in Clause 6 of these General Provisions; but nothing provided in this clause shall excuse the Contractor from proceeding with the prosecution of the work as changed. Except as otherwise provided in this contract, no charge for any extra work or material will be allowed.

Clause 6 of the prime contract establishes administrative remedies for the resolution of disputes.

The trial court found that appellant was aware of the change on the date of the subcontract. It further found that appellant was bound to perform the contract as changed and then pursue the contract remedy for the resolution of disputes, and that failure to do so breached the contract.

■ Appellant assigns error to the admission of testimony that it knew of the change in panel size prior to execution of the subcontract for the reason that this evidence varies the terms of a final integrated writing contrary to the parol evidence rule. We consider this testimony immaterial, because the change was bound to take place irrespective of the knowledge of the parties that it was being considered or had been ordered by the contracting officer.

Changes are issued pursuant to the changes clause in the contract, and they are evidenced by written orders from the contracting officer to the contractor. Since the contract at the time of its execution contains a changes clause, no new consideration is required to support a change order, nor need the consent of the contractor be obtained. In other words, so long as the proposed change is within the general scope of the work contemplated by the contract, a unilateral order may be issued by the contracting officer and a failure on the part of the contractor to perform the change is a breach of contract.

4 J. McBride & I. Wachtel, Government Contracts § 28.10 [1] (1969).

Therefore, the contracting officer had authority to order the change unless it constituted a substantial departure from the original contract. 13 Am. Jur. 2d *Building and Construction Contracts* § 17 (1964); *Kern v. Granquist,* 185 F. Supp. 769 (D. Ore., 1960). In *Silberblatt & Lasker, Inc. v. United States,* 101 Ct. Cl. 54 (1944), a substantial alteration in the character of the walls was ordered. The court of claims held this to be within the scope of the contract which contained a change provision similar to the one in this case. We agree with the trial court that the reduction in panel size from 15 to 10 feet was within the purview of the contract.

■ As is seen from a reading of clause 3, it was contemplated that there might be disputes over the changes and the payment therefor. When a dispute arose over the anticipated payment for the change in panel size, clause 3 operated to direct the disputants to the administrative remedies in clause 6, and this route was appellant's sole remedy. As stated in *United Glass Workers' Local 188 v. Seitz,* 65 Wn.2d 640, 399 P.2d 74 (1965) at 642:

> This court is committed to the view that, *when parties* to a contract foresee a condition which may develop and *provide* in their contract *a remedy* for the happening of that condition, the *presumption* is that the parties intended the prescribed remedy as the *sole remedy* for the condition, and this presumption is controlling where there is nothing in the contract itself or in the conditions surrounding its execution that necessitates a different conclusion. *Goss v. Northern Pac. Hospital Ass'n,* 50 Wash. 236, 96 Pac. 1078; *Ericksen v. Edmonds School Dist.,* 13 Wn. (2d) 398, 125 P. (2d) 275.

(Italics ours.)

Appellant relies on paragraph (f) of the subcontract above quoted to relieve it of the obligation to perform because it claims the change had not been agreed to in writing. When the contracting officer ordered a change, he did so, as seen, under the authority of clause 3 of the prime

contract. The contractor then required his subcontractor to conform to the change not only upon the basis of the incorporation of the terms of the prime contract into the subcontract, but also under paragraph (e) of the subcontract set out above. A change made pursuant to clause 3 and paragraph (e) was to be ordered, not agreed to. Any other change, *i.e.*, a change not within the scope of the contract, does have to be in writing for this reason:

> If the work ordered is in fact outside of the contract scope it is not legally a change but is extra work, and the contractor would be justified in declining to perform it, as this work was not contemplated by the parties when they executed the contract. Conversely, if the directed work is within the scope of the contract, it is a legal change and the contractor must perform it, or be in breach of his contract; . . .

4 J. McBride & I. Wachtel, Government Contracts § 28.30 [1] (1969).

Since the change of panel size was within the scope of the contract, there was no requirement that it be agreed to in writing, or at all.

■ There is substantial evidence to support the trial court's finding that appellant breached the contract requirement that it proceed "with the prosecution of the work as changed." We will not disturb the finding on appeal. *Dix Steel Co. v. Miles Constr., Inc.*, 74 Wn.2d 114, 443 P.2d 532 (1968).

■ The contract provides for recovery of attorneys' fees. It follows that a reasonable fee must be allowed for legal services on appeal. *Brandt v. Impero*, 1 Wn. App. 678, 463 P.2d 197 (1969). See *Puget Sound Mut. Sav. Bank v. Lillions*, 50 Wn.2d 799, 314 P.2d 935 (1957).

We remand the case to the trial court for determination of such fee. As so remanded, the judgment is affirmed.

HOROWITZ, A. C. J., and UTTER, J., concur.