510 P.2d 472 (1973)
Dennis Paul ZAMBRUK, d/b/a Dennis Paul Zambruk & Associates, Plaintiff-Appellee,
v.
PERLMUTTER 3RD GENERATION BUILDERS, INC., a Colorado corporation, and Perlmutter Associates, Inc., a Colorado corporation, Defendants-Appellants.
No. 72-086.
Colorado Court of Appeals, Div. II.
May 22, 1973.
*474 Akolt, Dick, Rovira, DeMuth & Eiberger, William F. Schenkein, Denver, for plaintiff-appellee.
J. Carl Hatfield, Littleton, for defendants-appellants.
Selected for Official Publication.
ENOCH, Judge.
The opinion of this court announced in this case on April 10, 1973, is hereby withdrawn, and this opinion is herewith substituted.
Perlmutter 3rd Generation Builders, Inc. (Builders), and Perlmutter Associates, Inc. (Associates), defendants-appellants, appeal from a district court judgment in favor of Dennis Paul Zambruk, doing business as Dennis Paul Zambruk and Associates (Zambruk), plaintiff-appellee. Zambruk brought the action in the lower court to recover payments allegedly due him on several contracts for furnishing art and sales promotional material to defendants. Following a trial to the court, judgment was entered against Builders and Associates, jointly and severally, for $7,589.92, principal and interest plus attorney fees of $2,530, together with costs. We affirm the judgment.
In their brief defendants present twenty-eight issues for review. Most of the questions deal with factual matters primarily within the province of the trial court. The pertinent issues of both fact and law have been consolidated for purposes of this opinion.
Defendants contend that the trial court erred in finding that Associates was a party to the contracts. The theory on which defendants rely is that Associates was a "separate, different, distinct, and independent corporation and legal entity that was not engaged in a common enterprise with Builders." It is argued that Phillip Drake, the party who entered into the contracts with Zambruk, was an agent for Builders only, with no authority whatsoever to bind Associates to the contracts.
The trial court, in its capacity as trier of fact found that Builders and Associates were at all times acting in concert in their dealings with Zambruk; that one David Perlmutter at all times acted as general manager of both corporations; that Drake, who signed for defendants on the contracts, served as project manager for both corporations; and that both corporations were engaged in a common enterprise. It also found that, regardless of which corporate name appeared on the contracts, or which received billings, or which made payments under the contracts, both corporations are so closely related to the subject matter of the contracts with plaintiff that they should be jointly and severally responsible as contracting parties. The court further found that the relationship and the obligations of each corporation to the other was peculiarly within the knowledge of defendants and could not be ascertained from the evidence submitted at the trial; therefore, the judgment entered against them could best be apportioned by them between themselves in accordance with their internal understanding or agreement.
Drake testified as to his relationship with both corporations and as to his belief in his own express or implied authority to act as an agent for both. Although it is true that an agency relationship cannot be established solely from the assertion of authority by an alleged agent, the alleged agent may testify to the facts from which the agency arose. Agency may be established by the conduct of the principal and the alleged agent. Rhodes v. Industrial Commission, 99 Colo. 271, 61 P. 2d 1035. When it is clear, as the trial court found in the instant case, that, as to *475 the third party, the agent, as a result of the acts of his principal, had apparent authority to bind the principal, it is incumbent upon the principal, who seeks to escape liability for the agent's actions, to show that the third party had knowledge, or was charged with notice, that the agent was acting beyond the scope of his authority. Bowser v. Union Bag Co., Inc., 112 Colo. 373, 149 P.2d 800.
The record in the case at hand is clear that the overt operations of the two corporations and the actions of David Perlmutter as general manager contributed to the reasonable belief of Zambruk that (1) Drake was the agent for both Builders and Associates and that (2) he, Zambruk, could look to either or both corporations for payment. There is substantial competent evidence to support the court's determination that Associates was liable on the contracts.
Although defendants admit that Builders contracted with Zambruk, they dispute the amounts the trial court found to be due Zambruk on the contracts. When a case is tried to the court and there is evidence to support the findings and judgment of the trial court, the outcome will not be disturbed on review. Barnett v. Miller, 163 Colo. 201, 429 P.2d 263.
All of the contracts were examined in detail by the trial court. Some of the contracts were totally completed while work on others was stopped at the request of defendants. All of the contracts were found to be clear and unambiguous. The court disallowed payment for those parts of the contracts not performed by Zambruk. Also denied, to which Zambruk does not complain, was a service charge written into the contracts of one and one-half per cent per month for any amounts not paid when due. The evidence supports the trial court's findings relative to the amount of the judgment.
Defendants further contend that Zambruk's failure to comply with the trade name affidavit statute, C.R.S.1963, 141-2-1 et seq., should have caused the suit to have been abated until compliance was accomplished. There was some dispute as to whether there finally was substantial compliance with the statute; however, the question is moot since this defense must be affirmatively pleaded. Rocky Mountain Seed Co. v. McArthur, 85 Colo. 1, 272 P. 1117. The defendants failed to so plead and are thus estopped from raising the objection at a later time.
Defendants take exception to the awarding of attorney's fees by the trial court. They argue that no attorney's fees should have been awarded or, in the alternative, that the attorney's fees awarded were excessive. The contracts sued upon contained the following provision:
"In the event collection of this account becomes necessary, client agrees to pay all costs and a reasonable attorney's fee in collection of this account."
These contracts were all admitted into evidence. The trial court found that the fees were both necessary and reasonable. The record supports these findings.
Zambruk claims that he is entitled to an award of additional attorney's fees incurred in this appeal in the event he is successful in defending his judgment. We agree.
The question presented is whether a contractual provision for attorneys' fees, as contained in a contract, includes an allowance for legal services rendered upon an appellate review of an action growing out of the instrument containing such provision. In similar situations some cases have held that attorneys' fees should not be allowed for successfully defending an appeal. These decisions are based on various grounds, i.e., that the contract was merged in the judgment or that the fees were not *476 within the contemplation of the parties. See Annot., 52 A.L.R.2d 863. However, the majority view expressed in the more recent cases allows such fees on appeal. Gustafson v. State, 11 Ariz.App. 176, 462 P.2d 869; Erbe Corp. v. W & B Realty Co., 255 Cal.App.2d 773, 63 Cal.Rptr. 462; Empress Homes, Inc., v. Levin, 201 So.2d 475 (Fla.App.); Vaughn v. Vaughn, 91 Idaho 544, 428 P.2d 50; New England Merchants National Bank v. Hoss, 356 Mass. 331, 249 N.E.2d 635; Cabot v. First National Bank, 81 N.M. 795, 474 P.2d 478; Shoup v. Mayerson, 454 P.2d 666 (Okla.); Washington Trust Co. v. Fatone, 106 R.I. 168, 256 A.2d 490; F. S. Jones Construction Co. v. Duncan Crane and Rigging, Inc., 2 Wash.App. 509, 468 P.2d 699. In our opinion these cases present the better reasoned rule which we adopt.
The purpose of a provision for attorneys' fees is to indemnify the creditor or the prevailing party against the necessity of paying an attorney's fee and to enable him to recover the full amount of the obligation.
We therefore hold that, in accordance with the terms of the contract cited above, Zambruk is entitled to a reasonable attorneys' fee incurred in the successful defense of his judgment. As this court has no facilities for the taking of testimony to determine the amount of these fees, this matter is remanded to the trial court for a hearing and determination of the reasonable value of the services of Zambruk's counsel in defending this matter on appeal and with directions to enter judgment against defendants for that amount in addition to the judgment previously entered and herein affirmed.
Judgment affirmed and cause remanded for further proceedings not inconsistent with this opinion.
SILVERSTEIN, C. J., and DWYER, J., concur.