**FIRST NATIONAL BANK OF CEDAR-EDGE, a National Banking Association, Plaintiff-Appellee,**

v.

**James W. ASPINWALL, Defendant-Appellant.**

**No. 78–771.**

Colorado Court of Appeals, Div. II.

Jan. 24, 1980.

Rehearing Denied Feb. 21, 1980.

Certiorari Denied June 16, 1980.

Dawson, Nagel, Sherman & Howard, Kenneth B. Siegel, Denver, for plaintiff-appellee.

Thomas E. McCarthy, Denver, for defendant-appellant.

STERNBERG, Judge.

Defendant, James W. Aspinwall, appeals a judgment holding him liable to the First National Bank of Cedaredge on a note which he signed as a guarantor. We affirm.

On March 19, 1975, James Aspinwall signed a continuing guaranty agreement on behalf of International Medical Products, Inc. Under the terms of the contract he agreed to be jointly and severally liable up to $60,000 in the event International Medical Products defaulted on its obligation to the bank. Although at trial Aspinwall asserted his signature was forged, the trial court's finding that it was genuine is not challenged on appeal.

The signature of Mary Aspinwall also appears on the guaranty agreement as that of James Aspinwall's wife. The agreement is notarized, but the trial court found the notary did not witness the signatures and that the name Mary Aspinwall, which is not the name of James Aspinwall's wife, had been forged after James Aspinwall signed the agreement. At trial Aspinwall admitted he received a copy of the guaranty agreement some time in August of 1975, but that despite the forgery he decided to take no action.

Relying upon the guaranty agreement, the bank loaned International Medical Products $60,000 on March 26, 1975. On April 23, 1976, the bank notified Aspinwall that International Medical Products was in default and the loan was being called. The bank recovered part of the money due through the sale of property that secured the loan. Because International Medical Products had been declared bankrupt, the bank sought and was awarded recovery of the deficiency from Aspinwall on his guaranty.

We see no merit in Aspinwall's first contention that he should be relieved of liability because the bank could have discovered the forgery on the guaranty agreement through the use of ordinary and reasonable care. He argues the bank was negligent in not making inquiries concerning the guaranty which would have revealed the forgery and prevented the loan.

■ The trial court did find that the bank was "extremely careless" in issuing the loan; however, Aspinwall's liability arises out of the guaranty contract which he signed and under which he agreed to assume liability for International Medical Products' debts. His liability is in no way affected by the bank's procedures in issuing the loan which he guaranteed. Thus, the question of the bank's carelessness or negligence is irrelevant.

■ Aspinwall next asserts that the bank had constructive notice of the forgery and therefore cannot recover against him on his guaranty. As a general rule of law Aspinwall submits that where the signature of one guarantor is forged, a creditor who has constructive notice of the forgery cannot recover from a co-guarantor. This proposition derives support from neither law nor logic.

Aspinwall signed the guaranty prior to the forgery; thus, he was not induced to provide his guaranty because of other signatures on the instrument. And he does not assert that he signed the instrument in reliance upon International Medical Products securing other guaranties in the future.

■ The presence of a forged signature on a guaranty instrument is not itself sufficient to eliminate the liability of other guarantors. *Danner v. Walker-Smith Co.*, 154 S.W. 295 (Tex.Ct.App. 1912). When a forged signature is placed on a guaranty instrument after the guarantor has signed,

the guarantor is not relieved of liability. *See Great American Insurance Co. v. O'Neal*, 138 Kan. 617, 27 P.2d 201 (1933). This is especially so where, as here, the guarantor was not induced to sign the instrument in reliance on the forged signature.

The guaranty provides that the bank is entitled to recover its "attorney's fee and all other costs and expenses." Therefore we remand this case to the district court for the purpose of determining the reasonable value of the service rendered by the bank's counsel on appeal, with directions to enter judgment for that amount. *Zambruk v. Perlmutter 3rd Generation Builders, Inc.*, 32 Colo.App. 276, 510 P.2d 472 (1973).

The judgment is affirmed and the cause is remanded for further proceedings consistent herewith.

ENOCH, C. J., and RULAND, J., concur.