Stephen C. WESTON and Suzanne I. Weston, Plaintiffs-Appellees,

v.

MINCOMP CORPORATION, a Colorado corporation, Defendant-Appellant.

No. 83CA0370.

Colorado Court of Appeals, Div. IV.

Feb. 28, 1985.

Calkins, Kramer, Grimshaw & Harring, Richard L. Shearer, Denver, for plaintiffs-appellees.

Caplan & Earnest, G. Lane Earnest, Joseph J. Barnosky, Boulder, for defendant-appellant.

SILVERSTEIN [*], Judge.

Defendant, Mincomp Corporation (Mincomp) appeals an adverse judgment on a promissory note. It asserts the trial court erred in denying a change of venue and denying joinder of a third-party defendant in this dispute arising from an equipment lease transaction. Mincomp also seeks review of the trial court's award against it of pre- and post-judgment interest. We reverse as to post-judgment interest. In all other respects we affirm.

In 1978, plaintiffs, Suzanne and Stephen Weston (the Westons) leased a computer from Prime Computer, Inc. (Prime), and paid a $50,600 deposit. The Westons thereafter assigned the lease to Mincomp for Mincomp's promissory note in the amount of $50,600, interest to accrue at the rate of 12% per annum.

Mincomp received and retained possession of the computer until sometime in August of 1980 when the machine was repossessed by Prime. Prime withheld the $50,-600 deposit paid by the Westons. In September of 1980 the Westons and Mincomp as co-plaintiffs brought suit in Denver District Court against Prime, asserting damages for breach of the lease and for recovery of the Westons' deposit.

Mincomp defaulted on the Weston note, and, in February 1981, the Westons brought this action against Mincomp in Arapahoe County seeking, *inter alia*, recovery of the principal amount of Mincomp's note together with interest. Judgment was entered September 15, 1982, against Mincomp on the note and upon the Westons' claims for damages from Mincomp under a finder's fee agreement, for sales commissions owed, and for consulting fees.

## I.

On appeal, Mincomp asserts that the trial court erred in denying Mincomp's motion for change of venue to Denver District Court. The motion was made pursuant to C.R.C.P. 98(f)(2) which permits the trial court to change venue when the convenience of witnesses and the ends of justice would be served.

Mincomp concedes venue was proper in Arapahoe County. As represented to the trial court, Mincomp made no showing that the change would convenience the witnesses or promote the ends of justice. Its only argument was that the claims in both cases arose from circumstances surrounding the lease transaction. Mincomp, however, agreed that the cases were not identical and did not contain identical issues or claims.

The granting or denial of a motion for change of venue based on the grounds relied upon by Mincomp is discretionary with the trial court and will not be reversed on review unless a clear showing of abuse of that discretion is made. *Liber v. Flor*, 160 Colo. 7, 415 P.2d 332 (1966). We find no abuse of discretion here.

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

## II.

■ Following denial of its motion to change venue, Mincomp filed its answer together with a third-party complaint pursuant to C.R.C.P. 14 naming Prime as third-party defendant. Subsequently, the trial court granted the Westons' motion to strike the third-party complaint. Mincomp claims the trial court erred in that ruling. We disagree.

The action pending in the Denver District Court included parties not already joined in the Arapahoe County action and whose joinder was not sought by Mincomp in its third-party complaint. The issues involved were not identical. Here, there was no showing that the third party could be held liable to defendant for all or any part of the plaintiff's claims. Therefore, we find no error. *See Public Service Co. v. District Court*, 638 P.2d 772 (Colo.1981).

## III.

■ Mincomp contests the trial court's award of interest to the Westons relative to Mincomp's default under a finder's fee agreement. Mincomp argues that, since the agreement specified payment in installments without interest, the trial court erred in awarding pre- and post-judgment interest on the balance due on Mincomp's default at the statutory rate of 8 percent per annum. We find no error in the court's ruling.

Section 5–12–102(2), C.R.S. (1984 Cum. Supp.) provides that "when there is no agreement as to the rate thereof, creditors shall be allowed to receive interest at the rate of eight percent per annum ... for all moneys after they become due...." Thus, inasmuch as the parties here did not state in the agreement what interest rate would apply in the event of default or maturity, the interest fixed by law attaches from the date of maturity as recompense for detention of the payable principal sum. *Clark v. Russell*, 1 Colo. 52 (1867).

## IV.

■ The promissory note executed by Mincomp provided that the principal sum of

$50,600 should draw interest at the rate of 12% per annum. The trial court enforced the provision from the date the note fell due until the date of judgment and further ordered the judgment to draw interest at the note rate of 12% per annum until paid. Mincomp argues that the court erred in awarding the Westons post-judgment interest at the rate of 12% per annum on the judgment. We agree.

As stated in *Ott v. Edwards*, 161 Colo. 187, 420 P.2d 837 (1966):

"A change in obligation was wrought by the judgment on the ... note. The note had lost its identity and became merged in the judgment."

Accordingly, the interest rate applicable after judgment could not properly be determined by reference to the interest specified in the note.

The rate of interest allowed on judgments is determined by statute. *Hiller v. Matheny*, 81 Colo. 459, 256 P. 10 (1927). The current statute, § 5–12–102(4)(a), C.R.S. (1984 Cum.Supp.) does allow interest to accrue on judgments at the rate specified in the underlying contract or written instrument; however, it applies only to judgments entered on or after July 1, 1983, and is therefore, not applicable here. Thus, that part of the judgment awarding interest at 12% must be modified to conform to the statute applicable during the period pertinent here.

Had no appeal been taken, the rate of interest on the judgments on the finder's fee and on the promissory note would have been limited to eight percent pursuant to the statute in effect on the date of the judgment, September 15, 1982. However, since this appeal was filed on April 8, 1983, Colo.Sess.Laws 1982, ch. 39, § 5–12–106 at 226, which applies to judgments on which appeals are filed in the Court of Appeals or the Supreme Court after January 1, 1973, controls here.

That section provides that if a money judgment in a civil case is appealed by a judgment debtor and the judgment is affirmed the interest rate on the judgment

shall be determined by the interest paid on certain federal obligations, and such rate shall be certified by the Colorado secretary of state for each calendar year. The rate certified by the secretary of state is eleven percent for calendar years 1983 and 1984, and ten percent for 1985. The statute provides that interest at those rates shall run from the date of entry of judgment in the trial court until the judgment is satisfied, but it does not provide for compounding interest. *Cf.* Colo.Sess.Laws 1984, ch. 47, § 5–12–106 at 287 which applies to all appeals filed on or after July 1, 1984, and which provides for compounding and limits applicability to cases in which there is no written agreement as to interest.

### V.

We agree with the Westons that they are entitled to their attorney fees and costs incurred in defending this appeal. The promissory note and the judgment of the trial court provide for the payment of reasonable attorney fees for collection on the note. Accordingly, the trial court must determine the reasonable value of the services of Westons' counsel on appeal, and enter judgment for that amount. *First National Bank v. Aspinwall*, 44 Colo.App. 23, 613 P.2d 341 (1980).

The Westons' claim that the appeal is frivolous has no merit.

The judgment is reversed as to the amount of post-judgment interest awarded on the promissory note. In all other respects, the judgment is affirmed. The cause is remanded with directions to award interest on the judgment from the date it was entered at the rate of 11% per annum for the years 1983 and 1984 and at the rate of 10% per annum for the year 1985, uncompounded. The court is further directed to determine and award an amount for reasonable attorney fees and costs incurred by the Westons in this appeal.

ENOCH, C.J., and HODGES,** Justice, concur.

** Sitting by assignment of the Chief Justice under provision of the *Colo. Const.*, Art. VI, Sec. 5(3),