475 P.2d 631 (1970)
ARAPAHOE BASIN, INC., a Colorado corporation, Plaintiff in Error,
v.
Joy L. FISCHER, Defendant in Error.
No. 70-358, (Supreme Court No. 23297.)
Colorado Court of Appeals, Div. II.
October 14, 1970.
*632 Sheldon, Bayer, McLean & Glasman, Richard C. McLean, Denver, for plaintiff in error.
Kripke, Hoffman, Carrigan & Dufty, Donald F. Medsker, Robert A. Dufty, Denver, for defendant in error.
Selected for Official Publication.
ENOCH, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
This is a negligence case arising out of injuries sustained by plaintiff, Joy L. Fischer, while attempting to alight from a chair lift owned and operated by defendant, Arapahoe Basin, Inc. Trial was to a jury which returned a verdict in favor of Miss Fischer. This appeal is brought by Arapahoe Basin, Inc. The issues to be determined involve the sufficiency of the evidence and the instructions given to the jury.
The facts surrounding the injury are uncontroverted for the most part. The lift on which the plaintiff was injured is typical in that, barring a mishap, it is not stopped for skiers attempting to get on or off. The chairs are suspended from an overhead cable by a bail or hanger bar. The lifts at Arapahoe Basin have a rounded stud 1¼ inches long by ¾ inches in diameter which is located on each bail slightly below shoulder level pointing toward the rear. This stud was incorporated into the design of the chair in order that an optional safety bar might be attached. The safety bar was not used by the defendant corporation in transporting skiers. However, the corporation did contemplate using the safety bars in the summer should it ever operate the lift for tourists as a sight-seeing attraction.
While on a ski outing with some friends, Miss Fischer purchased a ticket from the defendant corporation, entitling her to use the ski lift facilities. As Miss Fischer prepared to get off the chair lift which she and her partner were riding, she had her left hand on the bail, her poles in her right hand, and was sitting on the edge of the seat. As she started to ski down the ramp at the end of the lift, she moved her left hand down the bail to push herself away from the chair. It was then that she realized that the sleeve of her jacket was caught on the chair. Unable to free herself, she was suspended by her left arm and carried though mid-air for a few feet. While suspended, part of her body came in contact with a snow fence located beyond the unloading area. As soon as the lift came to a stop, two ski patrolmen immediately came to her assistance. It was determined that the sleeve of her ski jacket had caught on the stud protruding from the hanger and that a bone in her left forearm was fractured.
The defendant claimed that the accident was unavoidable and not the result of its negligence, that Miss Fischer had assumed any risk involved in riding the lift, and that her injuries were caused by her own negligence.

I
Arapahoe Basin, Inc., has alleged that the evidence does not support the verdict, thereby placing the same issues before us as it presented to the jury. However, it is an established principle that even if *633 the weight of the evidence would seem to be in favor of the defendant to the reviewing court, it is not the judge of the evidence or the credibility of witnesses. That we might resolve the issues of fact in a manner at variance with the findings of the jury will not justify a reversal if the verdict of the jury is supported by competent evidence. Seifried v. Mosher, 129 Colo. 156, 268 P.2d 411. We hold that there was sufficient evidence presented in this case to uphold the jury's finding of negligence.

II
The defendant alleges that the court's instruction on contributory negligence was so abbreviated as to be misleading and inaccurate, and that the court erred in giving it in lieu of the defendant's more thorough instructions on the subject. We have examined the contributory negligence instruction given by the court and find that it was satisfactory. Although the pattern Colorado Jury Instructions had not been adopted by the Supreme Court at the time of the trial, it is noted that the instruction given by the court is very similar to the contributory negligence instruction later adopted by the Colorado Supreme Court Committee on Jury Instructions. Where the instructions given adequately cover the law of the case, refusal of the court to adopt the defendant's proffered instruction is not error. Atencio v. Torres, 153 Colo. 507, 385 P.2d 659.

III
The defendant's final assignment of error is that the court erred in refusing to instruct the jury on assumption of risk. We think that the analysis of the Supreme Court on assumption of risk and its relation to contributory negligence in Summit County Development Corp. v. Bagnoli, 166 Colo. 27, 441 P.2d 658, is applicable here. That case arose out of injuries sustained while plaintiff was attempting to board a chair lift. The Supreme Court rejected the contention that the failure to give an instruction on assumption of risk was prejudicial error on two grounds. First, it felt that the evidence relied on in support of an instruction on assumption of risk was essentially evidence of possible contributory fault on the part of the plaintiff on which the jury was adequately instructed. Second, it stated that the evidence should reflect that the plaintiff had an awareness or knowledge of a risk and nevertheless assumed it by participating in the activity involved. It is noted that the risk which Arapahoe Basin, Inc., claims that Miss Fischer assumed in this case is even more latent and hidden than that claimed in the Summit County case. Therefore, we hold that the trial court properly refused to instruct on assumption of risk.
The judgment of the trial court is affirmed.
DWYER and PIERCE, JJ., concur.