584 P.2d 1224 (1978)
Catherine WHITE, Plaintiff-Appellant,
v.
George E. BROCK, George C. Fong, Fortune 70 Realty Company, Stewart Title of Colorado Springs, Inc., and Sharon Risken, Defendants-Appellees,
Lemon Bell, George C. Scott, and East Costilla Mall, Inc., Defendants.
No. 77-390.
Colorado Court of Appeals, Div. I.
June 22, 1978.
Rehearings Denied July 20, 1978.
*1225 Charles J. Haase, Colorado Springs, for plaintiff-appellant.
Clinton M. Cole, William P. Alderton, Colorado Springs, for defendants-appellees Lemon Bell, George E. Brock, George C. Scott and East Costilla Mall, Inc.
*1226 Kane, Donley & Wills, James N. Travis, Colorado Springs, for defendants-appellees George C. Fong and Fortune 70 Realty Co.
Aldo G. Notarianni, Denver, for defendants-appellees Stewart Title of Colorado Springs, Inc. and Sharon Risken.
Keith H. Zook, Boulder, and Ronald I. Zall, Denver, for amicus curiae Colorado Bar Assn.
COYTE, Judge.
In an action for damages for breach of fiduciary duty arising out of a real estate sale, plaintiff appeals from the judgments entered as to certain of the various defendants. We affirm the judgment entered against East Costilla Mall, Inc., modify the judgment against George E. Brock, and reverse the judgments in favor of the other defendants, except Lemon Bell and George C. Scott.
The record reveals the following facts: Plaintiff, who was inexperienced in real estate transactions, entered into a contract to sell her residence to East Costilla Mall, Inc., (Mall). Mall was a close corporation formed by defendant George E. Brock, a licensed real estate salesman, and others, for the purpose of developing a shopping mall. Brock was employed by defendant George C. Fong, a broker, doing business as Fortune 70 Realty Company, Inc. (Fortune).
Plaintiff's contract with Mall was a specific performance contract for sale of realty. It named Fortune as broker and "George E. Brock by Fortune 70" as listing agent and selling agent. It listed Mall as purchaser but was signed by Brock and Lemon Bell as purchasers. The terms of the contract included a purchase price of $20,000, payable by assumption of a first deed of trust of approximately $12,821, by payment of an earnest money deposit of $1,000 ($169 cash and the balance to clear obligations against the property) and by $6,170 in cash on closing.
At Brock's request the closing of this transaction was conducted at Fortune's office by defendant Sharon Risken, an employee of defendant Stewart Title of Colorado Springs, Inc. (Stewart).
Risken prepared a warranty deed and settlement statements from the contract. The settlement statements showed an amount of $4,282.82 due the plaintiff after deducting her share of closing costs and a 7% real estate commission, and listed a deed of trust running to the plaintiff in this amount. However, no such deed of trust was ever prepared or executed. At the closing, Risken prepared and Brock executed Mall's unsecured promissory note to the plaintiff in the amount of $4,282.82. This promissory note was due in three months; it carried no interest and had no provision for attorney's fees though it contained buy-back and rental provisions. It was signed: "East Costilla Mall by George E. Brock."
Risken explained these papers to the plaintiff at the closing. Brock assured plaintiff at the closing that she would get her money in three months or sooner, perhaps within 2 or 3 days. Relying on these explanations and assurances, plaintiff signed the deed and accepted the promissory note in lieu of cash. The deed was recorded. Subsequently Mall failed to get its financing and defaulted on the note. Plaintiff, who had continued to live in the residence for a time at an agreed rental, ultimately moved out, having received only $169 cash, the benefit of Mall's payment of some of the obligations against the house, and a few months' possession as a tenant in exchange for her equity in the property.
Plaintiff brought suit, alleging that defendants Brock, Fortune, Fong, Risken, and Stewart had negligently breached their fiduciary duty to the plaintiff and caused her to lose the equity in her home. In a trial to a jury, and after plaintiff rested her case, the court dismissed defendants George C. Scott and Lemon Bell for lack of evidence, directed a verdict for Fortune, Fong, Risken, and Stewart, and entered judgment against Mall in the amount of $4282, on the note, $1400 for the real estate commission (which had been credited to Mall) and $253.80 which had not been accounted for. The court also entered judgment against *1227 George E. Brock for the $1400 and the $253.80, this amount of the judgment to be joint and several with the Mall.

APPEAL OF JUDGMENT AGAINST GEORGE E. BROCK
Although the trial court found as a matter of law that Brock had breached his fiduciary duty to the plaintiff, the court limited Brock's liability to the commission he charged and the amounts held in escrow and unaccounted for. However, an agent is liable for loss caused to the principal for any breach of duty. Restatement (Second) of Agency § 401. Since plaintiff's loss of the amount due on the note was a material and probable consequence of Brock's failure to disclose Mall's precarious financial condition, Brock is, as a matter of law, liable for the full amount of plaintiff's loss, namely, the commission, the items not accounted for, and the amount of the worthless promissory note, less a set-off for rentals due for part of the period that plaintiff occupied the residence after the closing. Russell v. First American Mortgage Co., Colo.App., 565 P.2d 972 (1977).
Plaintiff contends that Brock is also liable for exemplary damages. Exemplary damages are appropriate where the injury complained of was attended by circumstances showing a wanton and reckless disregard of the injured party's rights and feelings. Carlson v. McNeill, 114 Colo. 78, 162 P.2d 226 (1945); C.R.C.P. 101(d). Whether Brock's breach of duty constituted a wanton and reckless disregard of plaintiff's rights so as to justify exemplary damages is a question for the jury. See Miller v. Carnation Co., 33 Colo.App. 62, 516 P.2d 661 (1973).
Accordingly, we modify the trial court's judgment as to Brock to include the amount of $4282.82 promissory note, in addition to the $1400 commission and the $253.80 unaccounted for in the closing settlement sheet, less a setoff for rent, and remand for trial to the jury on the question of the amount of the set-off for rent and amount of exemplary damages, if any.

APPEAL OF JUDGMENT AS TO FORTUNE 70 REALTY AND GEORGE C. FONG, BROKER
Fortune and Fong contend, and the trial court concluded, that these defendants are not liable to plaintiff for Brock's breach of his fiduciary duty to plaintiff because Brock acted outside the scope of his authority when he closed the transaction without Fong's approval and when he failed to transfer the commission to Fong. We disagree.
First, as a real estate salesman in Fortune's employ, Brock was Fortune's agent. He had apparent authority to represent the plaintiff in the sale of her property, see § 12-61-101(2) and (3), C.R.S. 1973, and he did so ostensibly on behalf of Fortune. By listing himself and Fortune as selling agent, and by collecting a commission, Brock contractually bound both himself and Fortune. "A . . . principal is subject to liability upon a contract purported to be made on his account by an agent authorized to make it for the principal's benefit, although the agent acts for his own or other improper purposes, unless the other party has notice that the agent is not acting for the principal's benefit." Restatement (Second) of Agency § 165.
Second, the evidence is uncontroverted that Brock was the manager of Fortune's Colorado Springs office at the time of his dealings with the plaintiff. "A . . . principal who entrusts an agent with the management of a business is subject to liability to third persons with whom the agent enters into transactions usual in such business, although contrary to the directions of the principal, unless the third person has notice of such directions." Restatement (Second) of Agency § 161, Comment d.
Thus, to escape the legal effect of its relationship with Brock, Fortune must show that the plaintiff knew or had reason to know that Brock was acting outside the scope of his authority as Fortune's agent. Bowser v. Union Co., 112 Colo. 373, 149 P.2d *1228 800 (1944). See Russell v. First American Mortgage Co., supra; see also Restatement (Second) of Agency § 49, Comment g. Absent such a showing, the trial court could not find as a matter of law that Fortune was not liable for Brock's breach of duty in representing the plaintiff.
If Fortune, as a Colorado corporation licensed to deal in real estate, see § 12-61-103(7), C.R.S. 1973, breached its fiduciary duty to plaintiff, Fong, as its broker, is personally liable for losses caused by that breach of duty. Section 12-61-103(8), C.R.S. 1973.
Accordingly, we remand to the trial court for a determination by the trier of fact as to whether plaintiff knew or had reason to know that Brock was acting outside the scope of his authority as agent of Fortune and Fong.
APPEAL OF JUDGMENT FOR STEWART TITLE OF COLORADO SPRINGS AND SHARON RISKEN
Stewart and Risken admit that, as "closing" agents, they owed a duty to the plaintiff. However, they contend that their duty was limited to filling out the closing documents and carrying out the instructions of the parties. We agree that closing agents are not general agents, and that their duty is limited to matters directly related to the closing. See Blackburn v. McCoy, 1 Cal.App.2d 648, 37 P.2d 153 (1934). However, in the words of the California court in that case:
"The usual purpose that prompts the [use of a closing agent] is the desire of persons dealing at arm's length with each other to have their conflicting interests handled by one person in such a manner as to adequately protect the rights of each of the parties to the transaction."
These defendants contend that there was no evidence upon which a jury could have based a verdict that Risken breached her duty to protect adequately the rights of plaintiff and that thus, the trial court's directed verdict against plaintiff was correct. We disagree.
The evidence in the record indicating that the closing was conducted in an irregular manner precludes the trial court from ruling as a matter of law that Risken and Stewart did not breach their duty. The record reveals, first, that the papers which Risken prepared at the closing were not in conformity with the contract of sale agreed to by the parties. Most notably, a promissory note was substituted for the cash due to plaintiff at closing. In addition, although Risken's settlement sheets called for a deed of trust to secure Mall's note, no deed of trust was ever prepared; the broker's commission was credited and presumably disbursed, not to the broker, but to the purchaser; and certain items which should have appeared on the settlement sheets were unaccounted for.
Moreover, the evidence is conflicting regarding other factual issues. Risken testified that she acted as a disinterested party, representing both buyer and seller. However, the record reveals that although Stewart's fee was paid entirely by the plaintiff, Risken took most of her instructions from Brock, accepting his assurance that both parties had agreed to the changes. Although there was evidence that plaintiff agreed to the substitution of a note for cash at the closing, there was conflicting testimony regarding whether plaintiff understood what the substitution meant.
Under these circumstances, there existed a factual issue of whether Risken and Stewart had breached their duty, which issue should have been decided by the jury. Accordingly, we reverse the judgment in favor of these defendants and remand to the trial court for retrial on the issue of whether Stewart and Risken breached their duty to the plaintiff, and if so, whether plaintiff's damages were caused by said breach.
There being no challenge to the dismissal of defendants Lemon Bell and George C. Scott, that dismissal is affirmed, as is the judgment against East Costilla Mall, Inc.
The judgment against George E. Brock is modified, and as modified is affirmed, except for the issue of exemplary damages *1229 and the rental set-off, and as to these issues that judgment is remanded to the trial court for a new trial. The judgments in favor of Fong, Fortune, Risken, and Stewart, are reversed and, as to these claims, the cause is remanded for a new trial.
SMITH and BERMAN, JJ., concur.