## No. C-1458

### Richard Wheeler and Janet Wheeler v.
### Carl Rabe, Inc. and Carl F. Rabe

(599 P.2d 902)

Decided September 4, 1979.                    Rehearing denied September 24, 1979.

Stern and Newton, P.C., Ronald S. Stern, for petitioners.

Pferdesteller, Vondy, Horton & Worth, P.C., Anthony L. Worth, for respondents.

*En Banc.*

CHIEF JUSTICE HODGES delivered the opinion of the Court.

Petitioners sued respondent on a note executed in connection with a land sale and also claimed breach of fiduciary duty arising from misrepresentations made prior to the sale. The trial court found there had been an effective accord and satisfaction and denied recovery on the note. With respect to alleged losses occasioned by the misrepresentations, however, the trial court awarded damages of $62,878.89. On appeal, the court of appeals vacated the judgment of the trial court, finding that no fiduciary relationship existed between the parties at the time of sale. *Wheeler v. Carl Rabe, Inc.,* 40 Colo. App. 232, 574 P.2d 878 (1977). We granted certiorari to consider the issue of respondent's fiduciary duty to petitioners and now reverse the judgment of the court of appeals. The effect of this disposition is to approve and affirm the trial court's judgment.

In early 1973, petitioners Richard and Janet Wheeler listed the Hoof and Horn bar and restaurant and adjacent property in Kremmling, Colorado with respondent Carl Rabe, Inc., a real estate broker. Subsequently,

Rabe informed them he had found a qualified purchaser, John Pierce, at a purchase price of $150,000. After Pierce failed to appear at two closing dates, the transaction was modified and the selling price was reduced so that at the time of closing Pierce advanced no funds of his own. Rather Rabe delivered to the Wheelers $10,000 in cash and his note for $49,778.89 and waived his commission. Pierce assumed two mortgages on the property in the amount of $49,200 and delivered to Rabe a note for $100,778.89. The Wheelers conveyed the property to Pierce.

Pierce later defaulted on his payments and disappeared. Respondent Rabe took possession of the Hoof and Horn, operated it without success, and made only two payments to petitioners on his note. In 1974, Rabe conveyed the property back to petitioners and agreed to assume all outstanding debts incurred in operating the business in return for the cancellation of his $49,778.89 note. The trial court characterized this agreement as an accord and satisfaction, and this finding is not challenged on appeal. After subsequently selling the property for only $35,000, petitioners commenced suit against respondent. The action claimed, *inter alia,* that the reduction in the value of the property was caused by Pierce's mismanagement of the premises and indirectly by respondent Rabe's misrepresentations concerning Pierce's financial ability.

As stated, the issue before us is whether respondent owed a fiduciary duty to petitioners and whether he violated that duty by misrepresenting Pierce's finances. The trial court found that Rabe and his agents not only failed to disclose their lack of knowledge as to Pierce's financial condition, but that they affirmatively misrepresented to petitioners that Pierce was financially responsible. The court found further that the making of the misrepresentations constituted a breach of respondent's fiduciary duty to petitioners and that petitioners reasonably relied upon these misrepresentations to their detriment.

The court of appeals reversed on the ground that respondent did not owe a fiduciary duty to petitioners at the time of the sale because respondent had become a principal. Alternatively, the court of appeals ruled that even if respondent remained petitioner's agent, he made a "full disclosure of the financial arrangements at the closing." We disagree with both parts of this analysis and note that evidence in the record supports the trial court's findings and judgment.

Contrary to the court of appeals' conclusion, the record demonstrates that the relationship between the parties of agent and principal had not terminated at the time of closing. Respondent only became a partial purchaser of the property. The other purchaser, Pierce, assumed sole liability for two mortgages in the amount of $49,200. Moreover, it was Pierce, and not respondent, who undertook the initial operation of the Hoof and Horn restaurant. Accordingly, respondent remained petitioners' agent in their dealings with Pierce; his misrepresentations as to Pierce's

ability to pay and business capacity continued to affect petitioners at and after the time of sale.

The court of appeals' alternative ruling that respondent did not commit any misrepresentation because he made a "full disclosure of the financial arrangements at closing" is also without foundation. The law imposes a strict duty of disclosure upon a fiduciary:

"Part and parcel of this [the fiduciary] duty is the requirement that the [the agent] make a full and complete disclosure of all facts relative to the subject of his agency when it may be material to the principal to know."
*McKinney v. Christmas,* 143 Colo. 361, 363, 353 P.2d 373, 374 (1960). An agent is thus required to disclose to the principal any facts which might reasonably affect the principal's decision. Although an agent is not barred from later acting as a principal, he must, however, make

". . . a complete disclosure of all facts concerning his principal's property which he has had or has acquired during the fiduciary relationship, so that both parties may be put in a position where they can deal with each other on equal terms, and with all facts possessed by the agent disclosed to his principal."
*Williams v. Wagers,* 117 Colo. 141, 149, 184 P.2d 497, 501 (1947).

The trial court's findings were fully supported by the record; although respondent disclosed his role as co-principal, the record is clear that he did nothing to correct the misrepresentations as to Pierce's financial ability. Petitioners relied on the misrepresentations and at no point did respondent disclose the fact that he had no independent knowledge of Pierce's financial condition. Disclosure of this fact might well have affected petitioner's decision to complete the transaction with respondent. Also, reliance on prior misrepresentations clearly resulted in petitioners being unable to deal with Pierce or respondent on equal terms.

The record supports the trial court's finding that respondent violated the fiduciary duty he owed as petitioners' real estate broker by failing to correct his misrepresentations regarding the co-purchaser's financial standing. The contrary finding of the court of appeals must therefore be rejected. The trial court's judgment was correct and should not have been vacated or modified by the court of appeals.

Judgment reversed and cause returned to court of appeals for appropriate mandate.

JUSTICE GROVES, JUSTICE LEE and JUSTICE CARRIGAN do not participate.