Rhinie BRUNNER, d/b/a Brunner
Produce Company,
Plaintiff-Appellee,

v.

Jack D. HORTON, d/b/a Horton &
Horton, Defendant-Appellant.

No. 83CA0572.

Colorado Court of Appeals,
Div. II.

May 2, 1985.

Robert C. Burroughs, P.C., Robert C. Burroughs, Ault, for plaintiff-appellee.

Veto and Potter, Anthony H. Veto, Lakewood, for defendant-appellant (on briefs).

Jack D. Horton, pro se.

KELLY, Judge.

Defendant, Jack Horton, appeals the jury verdict entered in favor of the plaintiff, Rhinie Bruner, in this breach of fiduciary duty action, arguing that there was insufficient evidence to support the verdict and that the trial court erred in instructing the jury. We affirm.

Plaintiff, an onion farmer, engaged defendant, a produce broker, to market his 1980 crop. On a commission basis, defendant assumed the job of arranging transportation, selecting buyers, setting prices, collecting the net proceeds of the sales and paying plaintiff. Defendant shipped four loads of onions to the Valdez Brokerage in Texas for which payment was never received. Plaintiff brought this action alleging that defendant breached his fiduciary duty, and after trial to a jury, judgment was entered in favor of plaintiff.

### I.

Defendant argues that there is both insufficient evidence to establish a fiduciary relationship and to establish that any fiduciary duty was breached. We disagree.

■ An agent is one who is granted authority to act for or in the place of another. *Shriver v. Carter*, 651 P.2d 436 (Colo.App.1982). Agency may be established by the conduct of the principal and agent. The question of the existence of an agency relationship is ordinarily for the factfinder. *Shriver, supra.*

■ Here, defendant was responsible for arranging the sale of plaintiff's onions. This included the responsibility of arranging for transportation, selecting buyers, setting prices, as well as collecting and paying plaintiff for the net proceeds of the sales. In addition, defendant received a commission on each sale of onions. There was sufficient evidence in the record for the jury to infer the existence of an agency relationship.

■ An agent has a fiduciary duty to act with the utmost faith and loyalty in behalf of, and to act solely for, the benefit of his principal. *Lestoque v. M.R. Mansfield Realty, Inc.*, 36 Colo.App. 32, 536 P.2d 1146 (1975). An agent must make a full and complete disclosure of all facts which might reasonably affect the principal's decision. *Wheeler v. Carl Rabe, Inc.*, 198 Colo. 311, 599 P.2d 902 (1979).

■ Defendant had very little information about the solvency of the brokerage. Defendant knew that Valdez had just gone into business and that the business was not listed in the "Blue Book," a financial reference in the produce industry. Defendant also knew that the previous year, when he was acting as a broker for another onion farmer, Valdez ran from 90 to 120 days late on payments. Defendant did not disclose any of this information to the plaintiff, but rather, assured plaintiff that he knew Valdez and that she always paid her bills, although she was a little slow. Defendant also told plaintiff that he had set Valdez up in business and that she was all right.

Moreover, defendant was advised that there were problems at the brokerage, but he continued to make deliveries. The trucker who delivered the first load of plaintiff's onions to Valdez at defendant's request called defendant and advised him that problems existed at the brokerage.

The trucker indicated that he had problems both contacting Valdez and arranging for the unloading of the onions. Defendant did not disclose this information to the plaintiff and did not indicate that he was having trouble getting payment from Valdez until almost a month after the last shipment of onions. This evidence was sufficient to support the jury's finding of breach of fiduciary duty. *See City of Aurora v. Loveless,* 639 P.2d 1061 (Colo.1981).

## II.

Defendant next argues that one of the instructions given is not supported by the facts or the law. We disagree.

 The instruction in question stated:

"An agent employed to sell the products of his principal on credit is subject to the following duties to the principal:

1. To make reasonable inquiry as to the financial circumstances of the buyer.

2. To communicate the information regarding the financial circumstances to the principal for his acceptance or rejection of the business.

However a principal may choose to waive the above requirement concerning communication if in fact there has been authority given by the principal to the agent to act without the above requirement being satisfied."

 Here, this instruction was supported by the facts in evidence at trial. The instruction is a proper application of the law concerning an agent's duty of disclosure to the facts of this case. *See Restatement (Second) of Agency* § 424, comment c (1958). *See also White v. Brock,* 41 Colo.App. 156, 584 P.2d 1224 (1978); *Wheeler, supra.* Hence, plaintiff was entitled to the instruction as it was supported by the evidence and consistent with existing law. *Federal Insurance Co. v. Public Service Co.,* 194 Colo. 107, 570 P.2d 239 (1977).

## III.

Defendant's argument that the trial court erred by failing to use two of his tendered instructions is also without merit.

All of the court's instructions to the jury are to be read and considered as a whole in determining whether the necessary law has been correctly stated to the jury. *Montgomery Ward & Co. v. Kerns,* 172 Colo. 59, 470 P.2d 34 (1970). It is in the sound discretion of the trial court to determine the form and style in which instructions shall be given. *Montgomery, supra.* Here, there was no error as the substance of defendant's instructions was included in the instructions given.

Judgment affirmed.

BERMAN and VAN CISE, JJ., concur.