**Robert J. DYER, III and Eva O. Dyer, Plaintiffs–Appellees and Cross–Appellants,**

v.

**Ned B. JOHNSON and Helene Johnson, Defendants–Appellants and Cross–Appellees,**

v.

**Peter KANTOR, Peter Kantor International, Inc., a Colorado corporation, Defendants–Appellees.**

No. 85CA1032.

Colorado Court of Appeals, Div. III.

May 26, 1988.

Robert J. Dyer, III and Eva O. Dyer, pro se.

Auer & Amatuzio, Douglass B. Auer, Kevin F. Amatuzio, Denver, for defendants-appellants and cross-appellees.

No appearance for defendants-appellees.

STERNBERG, Judge.

Following a trial to the court, a judgment was entered awarding damages to the purchasers of real property against the sellers and their agent and broker. The sellers

and the purchasers appeal. We affirm in part and reverse in part.

The plaintiffs, Robert J. Dyer III and Eva O. Dyer (purchasers), were interested in buying rental property, and to that end, contacted Peter Kantor (agent), an employee of Peter Kantor International, Inc. (broker). Kantor showed the purchasers a property that Ned B. Johnson and Helene Johnson (sellers) had listed with Kantor for sale. The property had been damaged by fire, and the agent, according to the purchasers, told them it had been reconstructed and brought "totally up to code." The purchasers asserted that the agent told them there was a written appraisal on the property for $220,000. Following negotiations, the purchasers bought the property for $160,000 on January 18, 1980.

Thereafter, the purchasers discovered that the property did not comply with the building code, and that there was no written appraisal of $220,000. The purchasers returned the property to the sellers, who thereafter sold it to a third party. The purchasers filed this suit to recover their out-of-pocket expenses. The sellers counterclaimed against the purchasers and cross-claimed against the agent and broker.

The case was initially tried to a jury which returned a verdict in favor of the purchasers; however, the court granted the sellers' motion for a new trial based on an error in an instruction and the court's conclusion that the verdicts were inconsistent.

The purchasers filed a motion for summary judgment against the agent, broker, and sellers, which was granted, leaving for determination the issue of damages, the sellers' counterclaim, and the sellers' cross-claim. After a trial to the court, judgment was entered in favor of the purchasers and against the sellers, agent, and broker, jointly and severally, for $34,000. The court entered judgment in favor of the sellers on their cross-claim against the agent and broker, finding them to be jointly and severally liable for $17,000. All other claims were dismissed.

On appeal, the sellers contend that the trial court erred in finding them liable for the misrepresentations of the agent. We disagree.

■■■ Generally, a principal may not be bound by the false representations of his agent made without his knowledge, consent, or authority. *Erisman v. McCarty,* 77 Colo. 289, 236 P. 777 (1925). However, an exception to this rule exists if an agent has apparent authority to make a representation, the question whether such authority existed being one of fact. *Hynes v. Donaldson,* 155 Colo. 456, 395 P.2d 221 (1964). A principal may be held liable for the tortious conduct of an agent if the conduct was within the scope of employment. *McDonald v. Lakewood Country Club,* 170 Colo. 355, 461 P.2d 437 (1969). An agent is acting within the scope of employment if he is doing what is necessarily incidental to the work that has been assigned to him or which is customarily within the business in which the employee is engaged. *Russell v. First American Mortgage Co.,* 39 Colo. App. 360, 565 P.2d 972 (1977).

■■ Applying principles similar to these, in *Cahill v. Readon,* 85 Colo. 9, 273 P. 653 (1928), an owner of real estate was held responsible for the misrepresentations as to value made by an agent. *See also Held v. Trafford Realty Co.,* 414 So.2d 631 (Fla. Dist.Ct.App.1982); *McCarty v. Lincoln Green, Inc.,* 620 P.2d 1221 (Mont.1980); *Foust v. Valley Brook Realty Co.,* 4 Ohio App. 3d 164, 446 N.E.2d 1122 (1981); *Aiello v. Ed Saxe Real Estate, Inc.,* 508 Pa. 553, 499 A.2d 282 (1985); Restatement (Second) of Agency § 229(1) and (2) (1958); and *see generally* Restatement (Second) of Agency § 257 and § 258 (1958).

In *Byrn v. Walker,* 275 S.C. 83, 267 S.E.2d 601 (S.C.1980), the court reached a similar result, reasoning that:

"If the representations are made by the agent as a part of the negotiation for the purpose of bringing about the sale, and by means of this it is brought about, the conveyance made, and the proceeds of the sale received, this brings the case within the general rule that a principal is responsible for such acts of his agent as are done within the scope of his authori-

ty, whether authorized or not, except by the general authority to do the principal act."

The agent's misrepresentations at issue here, and the context in which they were made, were such that the trial court properly held sellers liable for them.

■ We do not address the sellers' contention that the purchasers' reliance on the agent's misrepresentations was not reasonable, as that issue is raised for the first time on appeal. *See Marriot v. Goldstein,* 662 P.2d 496 (Colo.App.1983).

■ We find no merit in the purchasers' contention on cross-appeal that the trial court erred in setting aside the original jury verdict and granting a new trial. That determination rests within the sound discretion of the trial court. C.R.C.P. 59(a); *First National Bank v. Campbell,* 198 Colo. 344, 599 P.2d 915 (1979). There was no abuse of discretion here.

■ We do, however, agree with the sellers that the trial court erred in not requiring the agent and broker to indemnify them fully for the damages awarded to the purchasers. The damage award against the sellers was for $34,000. The basis of the sellers' liability was the acts of the agent and broker leading to application of the doctrine of *respondeat superior;* thus, we conclude the trial court erred in not entering judgment against the agent and broker for the full amount of the judgment against the sellers. *See Hiller v. Real Estate Commission,* 627 P.2d 769 (Colo. 1981); *Elijah v. Fender,* 674 P.2d 946 (Colo.1984); *White v. Brock,* 41 Colo.App. 156, 584 P.2d 1224 (1978).

The judgment in favor of the purchasers is affirmed. The judgment on the cross-claim is reversed and the cause is remanded with directions to award the sellers a judgment against the broker and agent for the full amount of the judgment entered against sellers in favor of the purchasers.

VAN CISE and PLANK, JJ., concur.