**Trent COLE, Plaintiff–Appellant,**

v.

**Raymond D. JENNINGS and Janet E. Jennings, Defendants–Appellees.**

**No. 91CA1616.**

Colorado Court of Appeals, Div. III.

Sept. 24, 1992.

Rehearing Denied Oct. 29, 1992.

Certiorari Denied March 15, 1993.

Bratton and Associates, John H. McClow, Gunnison, Scott A. Midgley & Associates, P.C., Scott A. Midgley, Denver, for plaintiff-appellant.

Dietze, Davis and Porter, P.C., Ronald B. Porter, Boulder, for defendants-appellees.

Opinion by Judge SMITH.

Plaintiff, Trent Cole, appeals the trial court's amended judgment entered in favor

of defendants, Raymond and Janet Jennings. We affirm.

This lawsuit arose out of a two-part real estate transaction in August 1980 wherein defendants sold an apartment house (14th Street property) to plaintiff's secretary and plaintiff sold defendants a residential fourplex (Arnett Street property) for $210,000. In connection with the two transactions which closed on the same day, defendants executed two promissory notes payable to plaintiff. One note represented the real estate commission owed plaintiff, a licensed real estate broker, for arranging the sale of the 14th Street property. The other note was part of the purchase price of the Arnett Street property.

Defendants defaulted on the notes in 1985, and plaintiff commenced a foreclosure on the Arnett Street property. In 1987, defendants reconveyed the property to plaintiff, and plaintiff thereafter sold the Arnett Street property for $189,000 to a third party, leaving a deficiency of $61,932.52.

Plaintiff brought this lawsuit to recover the deficiency. Defendants counterclaimed alleging fraudulent concealment, misrepresentation, and breach of fiduciary duty in connection with the purchase and sale of the Arnett Street property. The thrust of defendant's counterclaim was that the 14th Street/Arnett Street property transactions were, in essence, a single transaction and that, as their broker in the sale of the 14th Street property, plaintiff had a duty, and failed, to disclose significant facts regarding the value of the Arnett Street property, specifically, that he had purchased the property for $85,000 in 1977 and that the property had been appraised later that year for $109,000.

The parties stipulated to the facts alleged in plaintiff's complaint, and a trial was held to the court solely upon the issues presented by defendants' counterclaims.

At the conclusion of trial, the trial court found and concluded that there was no evidence that plaintiff had made any material misrepresentations of fact to defendants as to the Arnett Street property. The court also found and concluded, based on conflicting evidence, that the Arnett Street property was overpriced and that the sale of the 14th Street property and the Arnett Street property were "factually-linked." However, because defendants were aware that plaintiff was acting in his own behalf in the sale of the Arnett Street property, the court determined that despite its significance, plaintiff had no obligation, as a fiduciary, to disclose the facts of which he was aware regarding the value of the property in 1977. Consequently, the trial court concluded that plaintiff's nondisclosure did not constitute a breach of his fiduciary duties to defendants and entered judgment in plaintiff's favor for $101,960.58.

Subsequently, following a hearing on defendants' motion to alter or amend the judgment, the trial court reaffirmed its earlier factual findings. It concluded, however, that, based upon those findings, a fiduciary relationship did exist between plaintiff and defendants with regard to the purchase and sale of the Arnett Street property. Further, it ruled that the fiduciary relationship imposed on plaintiff the affirmative duty to disclose all facts within his knowledge regarding the value of that property, such as the purchase price and appraisal value of the property in 1977. Plaintiff's failure to disclose either of these values was, thus, a breach of his fiduciary duty to defendants.

Accordingly, the trial court disallowed plaintiff's entitlement to a commission on the portion of the transaction relating to the 14th Street property and canceled the note given by defendants to cover that obligation. The court also reformed that portion of the contract relating to the Arnett Street property by retroactively reducing the purchase price by the amount of $30,000.

## I.

Plaintiff contends that the trial court erred in finding and concluding that a fiduciary relationship existed between plaintiff and defendants with regard to the pur-

chase and sale of the Arnett Street property. We disagree.

### A.

First, plaintiff argues that his agency relationship with defendants was a "special agency," limited by the parties' listing agreement to the sale of the 14th Street property. Under the circumstances here, we disagree.

An agency relationship may exist absent a contract and absent acknowledgment by the parties that an agency is intended if there is evidence that the parties did materially agree to enter into a relation to which the law attaches the legal consequences of agency. *Stortroen v. Beneficial Finance Co.*, 736 P.2d 391 (Colo.1987).

The trial court, in essence, found that such an agreement existed here as to the purchase and sale of the Arnett Street property, despite the listing agreement's silence concerning that property. It premised that finding on its conclusion that, notwithstanding that the transaction purportedly involved two contracts and two closings, "the purchase of the Arnett Street property would never have taken place but for the sale of the 14th Street property and vice versa." We agree with the trial court's analysis.

The testimony of defendant Raymond Jennings established that it was plaintiff who approached defendants with a "deal" which involved both properties. Indeed, he testified that, as early as March 1980, plaintiff discussed with him the possibility that money from the 14th Street property could be used as a down payment on the Arnett Street property.

Moreover, when it became apparent that the purchaser of the 14th Street property, plaintiff's secretary, lacked cash to make the anticipated down payment, it was plaintiff's idea that, as actually occurred, defendants would borrow against the equity they would receive in purchasing the Arnett Street property and that plaintiff's secretary, in turn, would issue defendants a note, guaranteed by plaintiff, for the same value. In other words, the note that plaintiff's secretary was executing to defendants, as down payment on the 14th Street property, was in the same amount and on the same terms and conditions as the note that defendants would give a lender in order to obtain a down payment for purchase of the Arnett Street property.

Finally, Jennings testified that it was his understanding that the purchase and sale of the 14th Street property to plaintiff's secretary, which plaintiff would help to execute, was dependent on defendants' purchase of the Arnett Street property. The deal was, in short, "both sales or nothing."

We conclude that Jennings' testimony, in conjunction with the foregoing down payment arrangement, amply supports the trial court's factual finding that the interrelationship between the transfer of the 14th Street property and that of the Arnett Street property in effect constituted one transaction and, thus, "extended" the scope of plaintiff's agency beyond the specific terms of the original listing agreement to encompass the transfers of both properties. Hence, the trial court's finding will not be disturbed on review. *See Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

### B.

Next, plaintiff argues that, even if the scope of his agency extended to the purchase and sale of the Arnett Street property, no fiduciary duty arose in connection with the latter transaction. We disagree.

The crux of plaintiff's argument is that defendants knew and understood that, in promoting the sale of the Arnett Street property, plaintiff was acting in his own best interests. Hence, he argues, the foundation for a fiduciary relationship, that is, the trust and confidence which a principal reposes in an agent, was absent. We conclude that plaintiff's argument is without merit.

An agency *is* a fiduciary relation. *Stortroen v. Beneficial Finance Co., supra.* And, absent an agreement, in all dealings affecting the subject matter of his agency, this relationship imposes on a real estate broker the duty to act with the utmost

faith and loyalty in behalf of, and to act solely for, the benefit of his principal. *Lestoque v. M.R. Mansfield Realty, Inc.*, 36 Colo.App. 32, 536 P.2d 1146 (1975).

Here, the trial court properly determined, that the subject matter of plaintiff's agency *included* the purchase and sale of the Arnett Street property. Hence, under the circumstances, plaintiff's fiduciary duties, too, encompassed all matters relating to this purchase and sale, regardless of defendants' knowledge of plaintiff's interest in the sale.

Indeed, to permit an agent to divide his loyalties and duties where, as here, the transactions are so interrelated as to become one, would unfairly allow an agent to use information that comes to him as a fiduciary to promote the other transaction solely for his own benefit.

A review of the record discloses that this was precisely the trial court's concern with plaintiff's argument at the motion hearing wherein the court noted that plaintiff was, albeit not intentionally, acting on information he had acquired in his position as broker to promote sale of the Arnett Street property. Specifically, plaintiff used information he had received regarding the defendants' financial circumstances, needs, and desire to sell the property, plus his awareness of their objectives and the financial pressures on them in trying to buy a substitute property.

We do not intend to imply, however, that the situation presented here was unavoidable. Two entirely separate real estate transactions in which the second commenced only after conclusion of the first and the termination of the agency created thereby, accompanied by the disclosure requirements set forth in the Restatement (Second) of Agency § 390 (1957), might have avoided the problem here. This arrangement, however, did not occur.

### II.

Next, plaintiff contends that there is insufficient evidence in the record to support a conclusion that, even if his agency continued throughout the entire transaction, he breached his fiduciary duty. We disagree.

To discharge his fiduciary duty of good faith and loyalty, an agent must disclose all facts relative to the subject matter of his agency that may be material to the decision his principal is about to make. *Wheeler v. Carl Rabe, Inc.*, 198 Colo. 311, 599 P.2d 902 (1979).

Here, it was undisputed at trial that plaintiff failed to disclose either the price for which he purchased the Arnett Street property in 1977 or the value at which the property was appraised later that year. The trial court, after hearing and weighing all of the evidence presented, found that these values were material and, indeed, would likely have affected the defendants' decision to sell the 14th Street property and, consequently, their decision to purchase the Arnett Street property. Thus, the trial court found that the failure to disclose constituted a breach of plaintiff's fiduciary duty.

The trial court's determination of this factual issue is amply supported by the inferences which can be drawn from Raymond Jennings' testimony and, hence, will not be disturbed on review. *See Page v. Clark, supra.* Likewise, cancellation of the note given in payment of the commission was proper. *Moore & Co. v. T-A-L-L, Inc.*, 792 P.2d 794 (Colo.1990).

### III.

Finally, plaintiff implicitly contests the amount of the judgment entered in favor of defendants, based on the trial court's retroactive reduction of the purchase price of the Arnett property from $210,000 to $180,000. We perceive no error.

The record discloses that conflicting testimony was presented on the property's fair market value in 1980. Plaintiff's expert opined that this value was $205,000 while defendants' expert opined the value to be $180,000.

After weighing the evidence, resolving the conflicts therein and determining the credibility of the experts, the trial court

found the fair market value of the property to be $180,000.

The foregoing support for the trial court "calculations" precludes our interference with the amount of the judgment on review. *Page v. Clark, supra.*

The judgment is affirmed.

CRISWELL and ROTHENBERG, JJ., concur.