## 21245

Richard BYRN, as Executor of the Estate of Robert B. Byrn, Jr., Respondent, v. Sara Marie WALKER and Bob Capes Realty, of whom Sara Marie Walker is Appellant, and Bob Capes Realty is also a Respondent.

(267 S. E. (2d) 601)

84

*Hammond Beale,* Columbia, *for appellant.*

*Robert E. Staton,* of *Quinn & Smith,* Columbia, *for respondent Byrn.*

*Ronald G. Bruce,* of *Lewis, Lewis & Robinson,* Columbia, *for respondent Bob Capes Realty.*

June 4, 1980.

LEWIS, Chief Justice:

Respondent Byrn owned a home on Lake Murray and employed respondent Capes, a realtor, to sell it for him. Appellant purchased the property by making a substantial down payment, assuming an existing note, and giving a second mortgage to respondent Byrn. This action was instituted by Byrn, the seller, to foreclose the second mortgage. Appellant, the purchaser, claiming that the house was not as it was represented to be at the time of sale, counterclaimed against Byrn and filed a cross-complaint against respondent Capes, the selling agent for Byrn, for damages for breach of contract and fraud based upon alleged false representations concerning the condition of the heating system, the retaining walls, the swimming pool, the water system within the house, and the structural stability of the house. The trial judge entered judgment in favor of respondent Byrn for the foreclosure of the mortgage and denied appellant any relief on her counterclaim against Byrn, the seller, or her cross-complaint against Capes, the selling agent. The purchaser (appellant) has appealed from that judgment.

The action was tried in the lower court before the trial judge without a jury, by consent. The parties disagree, however, over whether the issues were tried in equity or law; and, therefore disagree at the outset as to the scope of our review on appeal.

The plaintiff's (respondent's) action was brought to foreclose a real estate mortgage, which is in equity, with legal actions interposed defensively by way of counterclaim and cross-complaint. Under *Collier v. Green,* 244 S. C. 367, 137 S. E. (2d) 277, the action is to be tried as an equitable action, since the defenses and counterclaims affect the validity of the lien and the amount due, and arise out of the transaction in which the mortgage was created.

Therefore, since the issues are equitable and were tried by the judge without a reference, this Court may review the evidence and make factual findings in accordance with its own view of the evidence. *Townes Associates, Ltd. v. The City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773. The only issues now before us on appeal are those arising under the lower court's findings with reference to appellant's claim for damages under her counterclaim and cross-complaint.

Appellant bases her claims for damages against the respondents largely upon alleged false representations made by respondent Capes in the sale of the property. While various claims were litigated in the lower court, appellant now relies basically upon the charges that respondent Capes, as the agent of respondent Byrn, the seller, made false representations to her at the time of the sale regarding the heating system, the retaining walls around the house, the swimming pool, the quality of the water system within the house, and the structural stability of the house. We think the record abundantly sustains the charges that respondent Capes fraudulently misrepresented the condition of the property in these particulars, as an inducement for the purchase of the house; and that the trial judge erred in denying recovery by appellant against the respondents.

We initially focus our attention on the evidence. Appellant testified that the agent of respondent Capes indicated to her that the realtor had sold the house on a previous occasion and was therefore well-acquainted with its intricacies. On her visits to the house prior to purchase, she discussed the heating system with respondent Capes and was told by the agent that the house had heating in the form of electric coils embedded in the concrete floor, with the heat in each room controlled by thermostats on the walls. In making the representations about the heating system, the agent turned the thermostat dial which clicked as if it were working. It was learned after purchase that the house did not have a concrete floor and that the thermostats were to operate baseboard heaters installed by the original builders, but had been removed by the present seller, respondent Byrn.

After filing a complaint against Capes with the Real Estate Commission, the appellant subsequently agreed to withdraw the complaint on the condition that Capes furnish satisfactory heat. The complaint was withdrawn and appellant thereafter installed a heat pump system, but the agent refused to pay the cost above that of the least expensive system available.

Appellant was told by the selling agent that cracks in the porch and wall were due to initial settling of the house, and that the building was structurally sound. After purchase, it was discovered that the house was in a highly unsafe condition and would eventually collapse, due to improper construction.

The house is surrounded on three sides by water and retaining walls had been constructed to hold the land intact. Inquiry was made by appellant as to the condition of these retaining walls and she was assured that they were in good condition. At the time of purchase, a thorough inspection of the wall was not possible because of the water level. After the purchase, the waters receded and the retaining wall was found

to be leaning badly. There was testimony that the walls were improperly constructed.

During an inspection of the house, the appellant observed a "bright, blue aqua-ish type stain" around the bathroom sink drain. Upon inquiry as to the cause of the discoloration, the agent informed her it was caused by the installation of a water softener at the lake house. After purchase it was discovered that the impurities within the water system were caused by the pipes.

Representations were also made to appellant that the swimming pool was in good condition. Inspection before purchase could not be made because of the dirty condition of the pool. After the property was purchased, it was discovered that cracks in the pool allowed the loss of one to two inches of water per day.

Our Court has previously indicated that if the seller brings an action for price, the buyer may counterclaim to interpose his damages resulting from the seller's fraud in defense to the action for price. *See Turner v. Carey,* 227 S. C. 298, 87 S. E. (2d) 871. Furthermore, 37 Am. Jur. (2d), 442, *Fraud and Deceit,* Section 333 indicates that a buyer who has been induced by the fraud of the seller to purchase real estate may ordinarily maintain an action for, or in the nature of, deceit, to recover damages resulting from fraud.

Accordingly, the counterclaim by the buyer is maintainable and we next focus our attention on the appellant's challenge of the judge's finding that no fraud was shown.

The essence of the trial judge's denial of relief to the purchaser was no showing had been made that the realtor was aware of the falsity of those representations and she had no right to rely. However, we view the record as clearly establishing these elements of fraud, as well as the other elements required for recovery in such an action. The trial judge therefore erred in not granting judgment for the appellant on her counterclaim and cross-complaint.

We have previously held that where representations are made with a reckless disregard for the truth, a showing of actual knowledge is not required. *Gilbert v. Mid-South Machinery Co., Inc.,* 267 S. C. 211, 227 S. E. (2d) 189; *Young v. Goodyear Service Stores,* 244 S. C. 493, 137 S. E. (2d) 578. We hold the record establishes this requisite reckless disregard.

As to the reliance element of fraud:

It is generally held that one has no right to rely on representations as to the condition, quality or character of property . . . where the parties stand on an equal footing and have equal means of knowing the truth. The contrary is true, however, where the parties do not have equal knowledge and he to whom the representations are made has no opportunity to examine the property, or by fraud is prevented from making an examination, or where an ordinary inspection would not have disclosed the condition with respect to which the representation was made. 37 Am. Jur. (2d), 363, *Fraud and Deceit,* Section 273.

Applying the aforementioned, we hold that where, as here, the agent asserts special knowledge of the property and makes representations of facts, the truth of which are not reasonably ascertainable by the purchaser due to their latent nature, the purchaser can justifiably rely on those representations.

It follows, therefore, that respondent Capes is personally liable to the appellant for its tortious conduct. *Lawlor v. Scheper,* 232 S. C. 94, 101 S. E. (2d) 269; 37 Am. Jur. (2d) 423, *Fraud and Deceit,* Section 320.

It is argued by Byrn that he employed respondent Capes to sell the house under a written listing agreement and the representations made by Capes were outside the authority of such agreement; therefore, not binding on respondent Byrn. We disagree.

If the representations are made by the agent as a part of the negotiation for the purpose of bringing about the sale, and by means of this it is brought about, the conveyance made, and the proceeds of the sale received, this brings the case within the general rule that a principal is responsible for such acts of his agent as are done within the scope of his authority, whether authorized or not, except by the general authority to do the principal act. 37 Am. Jur. (2d) 418, *Fraud and Deceit,* Section 316.

Capes was authorized by Byrn to sell the property and therefore liable under the aforementioned principles.

The purchaser had no knowledge of the written listing agreement between Capes and Byrn and is not bound by it in determining the liability of Byrn for the representations of Capes. Byrn cannot retain the fruits of his agent's representations without being responsible for the representations. 37 Am. Jur. (2d) 419, *Fraud and Deceit,* Section 316; See 58 A. L. R. (2d), 34, Section 6.

Finally, we consider the question of damages. The general rule as to actual damages is as follows:

In an action by a purchaser for fraud inducing the purchase, the measure of damages . . . is the difference between the real value of the property and the value which it would have had had the representations been true. 37 C. J. S. 476 *Fraud,* Section 143b(1) ; *See Turner v. Carey.*

Since the question of damages was not considered by the lower court, we think that a remand for that purpose is proper. Appellant sought both actual and punitive damages; and we remand the case to the lower court for a determination of these issues and the entry of judgment on the counterclaim and cross-complaint against respondents in favor of appelant for such damages as the lower court finds proper.

Reversed and remanded.

LITTLEJOHN, NESS and GREGORY, JJ., and WALTER T. Cox, III, Acting Associate Justice, concur.