275 S.C. 381 (1980)
271 S.E.2d 414
M. B. KAHN CONSTRUCTION COMPANY, INC., Appellant,
v.
The SOUTH CAROLINA NATIONAL BANK OF CHARLESTON, Respondent.
21316
Supreme Court of South Carolina.
October 16, 1980.
*382 William F. Austin, Robert W. Herlong and A. Camden Lewis, all of Barnes, Austin & Lightsey, Columbia, for appellant.
Kirkman Finlay, Jr., of Boyd, Knowlton, Tate & Finlay, Columbia, for respondent.
October 16, 1980.
NESS, Justice:
M.B. Kahn Construction Company, Inc. appeals from an order dismissing its cause of action for fraud against the respondent, South Carolina National Bank of Charleston. The report of the special referee was confirmed in all respects by the trial court. We affirm.
Appellant Kahn was the general contractor for the Harborside Condominium project in Lexington County, which was commenced in June, 1973. Respondent SCN was the construction lender. Pursuant to its contact with the developer, Harborside, Kahn was to receive progress payments equalling 90% of the materials supplied and work performed as of specific dates, with the balance of the $2,056,017.60 contract price payable upon completion. Under SCN's agreement with the developer, SCN received a promissory note *383 for the principal sum of $2,200,000.00 plus interest secured by a first mortgage on the project.
As construction neared an end, the developer, Harborside, was increasingly late in its progress payments to Kahn. Upon inquiry, the developer referred Kahn to SCN to ascertain Harborside's financial ability to complete the project. The special referee found as a fact that SCN falsely represented to Kahn that there was sufficient money in the construction loan account to pay the remainder of the construction contract.
Kahn continued its obligations under the construction contract until substantial completion in September, 1974. The unpaid balance at this juncture was $256,812.00; however, Harborside's loan account contained less than $100,000.00.
With SCN's knowledge and consent, Kahn compromised its claim with the developer to $240,000.00 in return for an immediate cash payment of $156,000.00 and a non-interest bearing second mortgage for $84,000.00. In the ensuing ten months, only $2,000.00 was paid toward satisfaction of this mortgage, leaving a balance of $82,000.00 due Kahn.
In August, 1975, SCN commenced a foreclosure action against the developer and named Kahn as a party defendant because of its second mortgage lien. The proceeds from the subsequent foreclosure sale were insufficient to apply to Kahn's mortgage debt.
Kahn brought suit against SCN asserting six causes of action, all of which were dismissed by the special referee and the trial court. Appellant's first cause of action alleged fraudulent misrepresentation by SCN of the developer's loan account balance. Kahn appeals only from the dismissal of this cause of action. We conclude Kahn's fraud claim was properly dismissed.
*384 In order to recover in an action for fraud and deceit, based upon misrepresentation, the following elements must be shown by clear, cogent and convincing evidence: (1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; (9) the hearer's consequent and proximate injury. Failure to prove any one of the foregoing elements is fatal to recovery. O'Shields v. Southern Fountain Mobile Homes, Inc., 262 S.C. 276, 204 S.E. (2d) 50 (1974).
The special referee made special findings as to each element; these findings were concurred in by the trial judge, and are amply supported by the record. Therefore, they will not be disturbed on appeal. Townes Associates, Ltd. v. City of Greenville, 266 S.C. 81, 221 S.E. (2d) 773 (1976); Gordon-Gallup Realtors, Inc. v. Cincinnati Ins. Co., S.C. 265 S.E. (2d) 38 (1980).
The special referee concluded as a matter of law that Kahn was obligated by contract to complete construction and therefore could not have relied solely upon SCN's misrepresentation in finishing the project. Appellant contends it would have been justified in ceasing construction due to Harborside's insolvency, and continued to work only upon SCN's assurance of financial stability. This is untenable.
We hold that one cannot recover for a fraudulent misrepresentation which induces him to perform an act he was legally obligated to perform. See 37 Am. Jur. (2d), Fraud & Deceit, § 295; 37 C.J.S. Fraud § 41 (c); Woodward v. Todd, 270 S.C. 82, 240 S.E. (2d) 641 (1978); Griffin v. Heinitsh, 309 F. Supp. 1028 (1970).
We are unconvinced by appellant's argument that the developer's insolvency would have excused him from further *385 performance under the construction contract. Section 287 of the Restatement of Contracts (1932), cited by appellant, provides that the prospective inability of a party to perform its obligation under a contract due to insolvency discharges the other party from its duties under the contract where it has reasonably and materially changed its position, and a longer time than permitted under the contract has elapsed before performance by the insolvent party.
Here, Harborside failed to timely tender its August 10, 1974 progress payment to Kahn, as required by the contract. Pursuant to the contract, if payment was not forthcoming within seven (7) days of the due date, Kahn could stop work upon an additional seven (7) days written notice until the payment was received. It was during this fourteen (14) day period that SCN's agent misrepresented the status of the loan account, and the overdue progress payment was in fact paid. Accordingly, the principle set forth in the Restatement is inapplicable here, where the payment was rendered within the time permitted by the contract. Additionally, the project was substantially completed before the August progress payment became due.
As Kahn was legally obligated under the contract to complete performance, we are not persuaded it was fraudulently induced to do so by SCN's misrepresentation.
Appellant's remaining exceptions are dismissed as moot. The order appealed from is affirmed.
Affirmed.
LEWIS, C.J., and GREGORY and HARWELL, JJ., concur.
LITTLEJOHN, J., dissents.
LITTLEJOHN, Justice (dissenting):
I respectfully dissent and would reverse the order of the lower court.
Inasmuch as the judge's order merely adopts the report of the special referee as its directive, we look to his report *386 for an analysis of the court's factual finding. The referee stated:
"a. I find that SCN made the claimed representation to Kahn that there was enough money left in the construction loan account with SCN to pay the remaining amount under the construction contract and that the representation was false.
Kahn's vice-president and comptroller, Mr. McCall, testified that he telephoned SCN's mortgage loan officer, Mr. Hinshaw in August, 1974, on or about the 18th or 20th, because the August payment due to Kahn by Harborside had not been made. He said he asked Hinshaw whether there was enough money left to pay Kahn, and that in response to a question by Hinshaw, he told Hinshaw that about $330,000 was due on the contract, to which Mr. Hinshaw responded, that, yes, there was enough left with the bank to pay it.
Hinshaw testified that he remembers talking to McCall, and remembers a heated, unpleasant exchange, but he said he did not recall discussing the amount left in the loan account, or giving McCall any such assurance as claimed by McCall.
The undisbursed amount of the construction loan at the time of the August telephone call was $36,619.19, and there was $6,382.71 in an escrow account, or a total of $43,001.90 in the Harborside loan account with SCN (plaintiff's exhibit 4), not $330,000 as represented by Hinshaw to McCall.
b. The elements of materiality of the representation (3rd element) and of the hearer's reliance on its truth (7th element) appear to be closely related. 37 Am. Jur. (2d), Fraud and Deceit § 223. Prosser in his treatise on misrepresentation treats materiality as a subsection of reliance. Prosser, Torts § 103, pp. 729, 734 (3d ed. 1964).
*387 `The party deceived must not only be justified in his belief that the representation is true, but he must also be justified in taking action on that basis.' Id. p. 734.
It is clear from the testimony of the three Kahn officers, Mr. McCall, Mr. Irwin Kahn, and Mr. H. Bernard Kahn, that they considered the information received by McCall from Hinshaw to be important to their decision whether to continue work on the contract or not. It was not a collateral matter to them, but one of vital importance. They [Kahn's three officers] did not want Kahn to continue on the job if there was no money available to pay for it. Thus, subjectively to Kahn, both elements seem to have been present. But it appears that for the purposes of this type action, the test of whether a person relied upon a representation is whether he would have acted in the absence of the representation, 37 Am. Jur. (2d), Fraud and Deceit § 223, and a test of materiality is whether the representation deceives the hearer and induces him to act, id., § 178, or is important enough to induce the hearer to act. Prosser, Torts 734 (3d ed. 1964).
The special referee also said:
"[I]t appears to have been recognized, or at least assumed, that Harborside was not able to pay its debts as they matured, ...."
The heart of the special referee's ruling is as follows:
"I, therefore, find and conclude that Kahn's continuing to work was not in reliance on SCN's representation and that the representation was not material, as a matter of law, to whether it continued to work or not."
I would hold that the special referees conclusion, agreed to by the circuit judge, erroneously held (1) that the misrepresentation was not material, and (2) that Kahn had no options or rights but to continue work under the contract. Insolvency of the promisor has been held to constitute a breach of contract. 17-A C.J.S. Contracts § 471. Kahn *388 might have discontinued the contract and answered to Harborside, or considered the advisability of a mechanics' lien, or attempted some type of settlement negotiations with the developer. Both fraudulent misrepresentation inducing one to forebear enforcement of some legal right, 37 C.J.S. Fraud § 41 (d), and misrepresentation of the financial condition of a third party may constitute remediable fraud. 37 C.J.S. Fraud § 48(a).
Instead of pursuing other options, Kahn relied on the misrepresentations and continued performance of work for which it could not collect, because Harborside was insolvent at that time. It is apparent that SCN knew of Harborside's insolvency. Clearly, Kahn changed its position by receding from options it had the right to pursue. As a result, SCN benefited because completion of the contract by Kahn enhanced the value of the property over which SCN held a mortgage it subsequently foreclosed and bought in at the sale. Certainly, there was no duty on Kahn's part to continue construction so as to enhance the financial status of SCN and other creditors.
Kahn's contract with Harborside should not, and does not, excuse the tortious conduct of SCN. Any rights and obligations under the contract belong to and are imposed upon the parties to the agreement; those parties are only Kahn and Harborside. The well-established rule is that one who is not a party or in privity to a contract is unable to assert and take advantage of that contract. 17A C.J.S. Contracts § 518(a). SCN was clearly not a party to this contract.
In my view, the majority opinion is erroneously bottomed on the assumption that the contract required Kahn to continue with the construction. It overlooks the fact that the provision relative to continuing with the work is merely a portion of the overall contract, all of which Kahn was entitled to discontinue.
The majority opinion attaches significance to the fact that Kahn compromised his claim with the developer and received *389 some benefit therefrom. It was entitled, if not required, to mitigate its damages, and the settlement of a claim with Harborside is of no significance to the issues in this case. The compromise settlement did not eliminate the tort claim Kahn now pursues against SCN. At most it reduced the damages which Kahn is entitled to collect. SCN is not entitled to a benefit growing out of the fact that the damages have now been reduced.
While other issues were apparently before the lower court as relates to other causes of action, no issues other than those concerning fraud and deceit are before the court on this appeal.
I would reverse the order and remand for the purpose of having the trial court determine the amount of damages Kahn is entitled to collect, in keeping with the well-established principles of law as relate to the measure of damages in fraud and deceit actions.