22187

J. R. RIDDLE, Respondent, v. C. H. PITTS, D/B/A Pitts Auto Sale, Appellant.

(324 S. E. (2d) 59)

Supreme Court

*Clayton Walker, Jr.,* Columbia, *for appellant.*

*William M. Grant, Jr.,* of *Haynsworth, Perry, Bryant, Marion & Johnstone,* Greenville, *for respondent.*

Heard Oct. 17, 1984.

Decided Nov. 26, 1984.

NESS, Justice:

In this action for fraud in the sale of an automobile, appellant Pitts appeals from a jury verdict of $13,000 actual damages and $3,000 punitive damages which was reduced by

the trial judge to $8,000 actual damages and $3,000 punitive damages.

Section 56-15-110 of the 1976 S. C. Code of Laws mandates double recovery of actual damages and permits punitive damages up to three times actual damages for a willful violation. We affirm the $3,000 award of punitive damages but reduce actual damages to $2,000.

Appellant first alleges the trial judge erred in failing to bind respondent to his election of cause of action at the pretrial conference. We disagree.

The parties stipulated that during the pretrial conference a judge other than the trial judge told respondent he would require him to elect. Respondent responded he would *probably* proceed under breach of contract accompanied by a fraudulent act.

Appellant made no motion to force respondent to elect as required by Circuit Court Rule 78, and at trial, the judge refused to find the pretrial election binding and allowed respondent to elect at the close of the evidence.

In *Griffith v. Metropolitan Life Insurance Company*, 189 S. C. 52, 200 S. E. 89 (1938), the trial judge allowed plaintiff to change her theory of the case from breach of contract accompanied by a fraudulent act to fraud. We held no binding election had been made, especially in light of the fact defendant made no motion to require her to elect and was not prejudiced by the judge's ruling.

Appellant next contends the trial court erred in denying his motion for a directed verdict because the only reasonable inference supported by the evidence was the parties' agreement was reached by mutual mistake. We disagree.

In reviewing a motion for a directed verdict, we must review the evidence in the light most favorable to respondent. If there is more than one reasonable inference a directed verdict is properly denied. *King v. North River Insurance Company*, 278 S. C. 411, 297 S. E. (2d) 637 (1982).

Respondent alleges a willful misrepresentation as to the model year. Appellant contends he had no knowledge the automobile was a 1978 rather than a 1979 because all paper documentation on the car was sent directly to his bank. The trial judge was correct in denying the motion for directed verdict.

Finally appellant attacks the amount of actual damages awarded in both the original and *nisi* verdicts maintaining they were excessive under the statute and therefore improper. We agree.

In *Morgan v. Carolina Door Products Inc.*, S. C., 315 S. E. (2d) 119 (1984) we held the verdict excessive and reduced the $15,000 verdict to $2,527.50, the amount of damages specified in an interrogatory and the only evidence offered to prove the measure of damages.

■ Here, the judge correctly charged the jury the measure of actual damages is the difference between the actual value of the property and the value of the property if the representation had been truthful. It is undisputed the difference in value between a 1978 and a 1979 Honda automobile is $1,000. Doubling this figure as the statute mandates, we hold the proper verdict for actual damages is $2,000. We affirm and award respondent $2,000 actual damages. The $3,000 award of punitive damages is within the triple range of actual damages permitted under the statute.

Affirmed.

GREGORY, HARWELL and CHANDLER, JJ., and WILLIAM L. RHODES, Jr., as Acting Associate Justice, concur.