645 S.E.2d 239

**Rick SCHNELLMANN and Jennifer Schnellmann, Petitioners,**

**v.**

**Nancy ROETTGER, Respondent.**

**No. 26327.**

Supreme Court of South Carolina.

Submitted May 1, 2007.

Decided May 7, 2007.

380

Stephan Victor Futeral, of Futeral Law Firm, LLC, of Mt. Pleasant, for Petitioners.

Max Gerald Mahaffee, of Grimball & Cabaniss, LLC, of Charleston, for Respondent.

PER CURIAM.

Petitioners have filed a petition for a writ of certiorari asking this Court to review the Court of Appeals' decision in *Schnellmann v. Roettger*, 368 S.C. 17, 627 S.E.2d 742 (Ct.App. 2006). We grant the petition only as it pertains to whether the Court of Appeals erred in finding petitioners' reliance on respondent's representation was not justifiable and whether the Court of Appeals applied the correct measure of damages

in a fraud case. We dispense with further briefing and affirm as modified the decision of the Court of Appeals.

## FACTUAL/PROCEDURAL BACKGROUND

Respondent acted as the real estate agent for the sellers of a home purchased by petitioners. Respondent advertised the property in the Charleston Trident Multiple Listing Service (MLS) as having approximately 3,350 square feet. At the bottom of the MLS listing, it indicated the information stated was "deemed reliable but not guaranteed." The listing also included the following disclaimer: "IF EXACT SQUARE FOOTAGE IS IMPORTANT TO YOU, MEASURE, MEAS-URE!" Respondent also advertised the property on the website www.realtor.com. This listing, however, did not identify the square footage as approximate or contain the disclaimer language. However, the sales contract granted the purchaser the privilege and responsibility to inspect the home prior to closing, the wording of the clause including specifically the home's square footage. In addition, prior to the closing, petitioners' real estate agent was presented with a summary appraisal revealing that the house was less than 3,350 square feet, but continued with the closing.

An appraisal conducted after petitioners purchased the house revealed it measured only 2,987 square feet.[1] Petitioners sued respondent for fraud, negligent misrepresentation, and violation of the South Carolina Unfair Trade Practices Act (SCUTPA), alleging she misrepresented the square footage of the house in the real estate listing. The trial judge granted summary judgment in favor of respondent on all claims.

The Court of Appeals affirmed the trial judge's grant of summary judgment, finding petitioners' fraud and negligent misrepresentation claims failed because their reliance on respondent's representation was not justified. In addition, the Court of Appeals held these claims, as well as the SCUTPA claim, failed because petitioners had suffered no damages as a result of respondent's representations. Specifically, the Court of Appeals found that, because appraisals of the home conducted at the time of purchase and shortly thereafter reflected

---

1. A second measurement taken by petitioners' expert revealed the square footage of the house was closer to 3,087 square feet.

its square footage as less than 3,000 square feet and assessed its value in excess of the $478,000 purchase price, petitioners suffered no damages stemming from respondent's alleged misrepresentation.

## ISSUE

Did the Court of Appeals apply the incorrect method for calculating damages in a fraud case?

## DISCUSSION

Petitioners argue, *inter alia*, the Court of Appeals erred in finding they were not justified in relying on respondent's representation as to the home's square footage and by applying an incorrect method of calculating damages in a fraud case.[2] Petitioners claim damages for fraud are not measured by calculating the difference between the contract price and the reasonable market value of the property, which was the approach taken by the Court of Appeals. Rather, petitioners contend damages for fraud are determined pursuant to the "benefit of the bargain" rule, or the difference between the value the plaintiff would have received if the facts had been as represented and the value he actually received, plus any consequential losses proximately resulting from the fraud.

To establish a cause of action for fraud, the following elements must be proven by clear, cogent, and convincing evidence: (1) a representation of fact; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury. *Kahn Constr. Co. v. S.C. Nat'l Bank of Charleston*, 275 S.C. 381, 271 S.E.2d 414 (1980). The failure to prove any element of fraud or misrepresentation is fatal to the claim. *Id.*

---

2. We note the Court of Appeals found *all* of petitioners' claims failed as a result of their failure to prove damages. However, in their argument on the damages issue, petitioners specifically refer to only the Court of Appeals' ruling regarding their fraud claim. Therefore, the Court will address this issue with reference only to the fraud cause of action.

■ Petitioners correctly argue the Court of Appeals applied the wrong method for determining damages from fraud. It is the well-settled law of this state that the proper method in such a case is the benefit of the bargain approach, according to which the plaintiff is entitled to the difference between the value he would have received if the defendant's representations had been true and the value he actually received, together with any proximately caused consequential or special damages. *E.g., Riddle v. Pitts,* 283 S.C. 387, 324 S.E.2d 59 (1984); *Byrn v. Walker,* 275 S.C. 83, 267 S.E.2d 601 (1980); *Reid v. Harbison Dev. Corp.,* 285 S.C. 557, 330 S.E.2d 532 (Ct.App.1985); *Starkey v. Bell,* 281 S.C. 308, 315 S.E.2d 153 (Ct.App.1984).

The Court of Appeals did not undertake a "benefit of the bargain" analysis in determining petitioners' damages, nor did it cite any law for the damages measure it applied. Instead, the Court of Appeals summarily concluded petitioners suffered no damages because, even taking into account the missing square footage, they still paid less than market value for the house. This approach is not in accord with the damage calculation method for fraud utilized by the courts of this state.

However, because we also find the Court of Appeals correctly determined petitioners did not justifiably rely on respondent's representation, we need not decide whether petitioners suffered any damages under the "benefit of the bargain" approach. *See Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (explaining the appellate court need not address remaining issues when disposition of prior issues is dispositive). Accordingly, we affirm as modified the decision of the Court of Appeals upholding the grant of summary judgment in favor of respondent.

**AFFIRMED AS MODIFIED.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur. WALLER, J., not participating.