**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Brenda R. Babb, Appellant,

v.

The Estate of Charles L. Watson, Eleanor G. Watson and Pamela Watson Fehlig, as personal representatives of the Estate of Charles L. Watson, CLW Investments, Inc., d/b/a Salt Marsh Cove, and Wilbur M. McLamb, individually, Respondents.

Appellate Case No. 2010-166467

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

Unpublished Opinion No. 2012-UP-594
Submitted October 2, 2012 – Filed October 31, 2012

**AFFIRMED**

Brenda R. Babb, of Little River, pro se.

Stephan V. Futeral, of Futeral & Nelson, LLC, of Mt. Pleasant, for Respondents.

**PER CURIAM:** Brenda R. Babb appeals the trial court's order finding for the defendants on her claims of breach of fiduciary duty, constructive fraud, and unjust enrichment. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in finding Babb failed to prove breach of fiduciary duty: *Ellis v. Davidson*, 358 S.C. 509, 519, 595 S.E.2d 817, 822 (Ct. App. 2004) ("A relationship must be more than casual to equal a fiduciary relationship."); *Burwell v. S.C. Nat'l Bank*, 288 S.C. 34, 41, 340 S.E.2d 786, 790 (1986) ("As a general rule, mere respect for another's judgment or trust in his character is usually not sufficient to establish such a relationship."); *id.* ("The facts and circumstances must indicate that the one reposing the trust has foundation for his belief that the one giving advice or presenting arguments is acting not in his own behalf, but in the interests of the other party."); *Cowburn v. Leventis*, 366 S.C. 20, 37, 619 S.E.2d 437, 447 (Ct. App. 2005) (citation & internal quotation marks omitted) ("[T]he evidence must show the entrusted party actually accepted or induced the confidence placed in him.").

2. As to whether the trial court erred in finding Babb failed to prove constructive fraud: *Armstrong v. Collins*, 366 S.C. 204, 219, 621 S.E.2d 368, 375 (Ct. App. 2005) ("To establish constructive fraud, all elements of actual fraud except the element of intent must be established."); *Schnellmann v. Roettger*, 373 S.C. 379, 382, 645 S.E.2d 239, 241 (2007) (stating the elements of fraud are: (1) a representation of fact; (2) its falsity; (3) its materiality; (4) knowledge of its falsity or a reckless disregard for whether it is true; (5) intent that the representation be acted upon; (6) the hearer's ignorance of the falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury); *Armstrong*, 366 S.C. at 219, 621 S.E.2d at 375 ("[I]n a constructive fraud case, where there is no confidential or fiduciary relationship, and an arm's length transaction between mature, educated people is involved, there is no right to rely.").

3. As to whether the trial court erred in finding Babb failed to prove unjust enrichment: *Suaner v. Pub. Serv. Auth. of S.C.*, 354 S.C. 397, 409, 581 S.E.2d 161, 167 (2003) (stating in order to establish unjust enrichment, a party must show "(1) that he conferred a non-gratuitous benefit on the defendant; (2) that the defendant realized some value from the benefit; and (3) that it would be inequitable for the defendant to retain the benefit without paying the plaintiff for its value.").

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**AFFIRMED.**

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**