**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Plantation Federal Bank, as Successor in Interest to First Savers Bank, Respondent,

v.

J. Charles Gray and Waterford Ridge Owners Association, Inc., Defendants,

Of whom J. Charles Gray is the Appellant.

Plantation Federal Bank, as Successor in Interest to First Savers Bank, Respondent,

v.

Peggy B. Gray and Waterford Ridge Owners Association, Inc., Defendants,

Of whom Peggy B. Gray is the Appellant.

Appellate Case No. 2014-000220

Appeal From Oconee County
Alexander S. Macaulay, Circuit Court Judge

Unpublished Opinion No. 2016-UP-141
Submitted December 1, 2015 – Filed March 30, 2016

**AFFIRMED**

Charles R. Griffin, Jr., of Anderson, for Appellants.

Bradley Keith Richardson, of Bradley K. Richardson, P.C., of Anderson, for Respondent.

**PER CURIAM:** J. Charles Gray and Peggy B. Gray appeal a circuit court order granting Plantation Federal Bank's motion for summary judgment as to the Grays' counterclaims in a foreclosure action. The Grays argue the circuit court erred in granting Plantation's motion because genuine issues of material fact exist regarding whether Plantation was liable for (1) breach of contract, (2) fraud, (3) breach of fiduciary duty, and (4) violations of the South Carolina Unfair Trade Practices Act (SCUTPA). We affirm pursuant to Rule 220(b), SCACR.

First, we find no genuine issues of material fact exist regarding the breach of contract claim. *See McMaster v. Dewitt*, 411 S.C. 138, 143, 767 S.E.2d 451, 453 (Ct. App. 2014) ("In reviewing a decision to grant summary judgment, [the appellate court] appl[ies] the same standard as the circuit court."); Rule 56(c), SCRCP ("[Summary] judgment . . . shall be rendered forthwith if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."); *McMaster*, 411 S.C. at 143, 767 S.E.2d at 453 ("In determining whether any triable issue of fact exists, the evidence and all inferences which can reasonably be drawn therefrom must be viewed in the light most favorable to the nonmoving party." (*quoting Quail Hill, LLC v. Cty. of Richland,* 387 S.C. 223, 235, 692 S.E.2d 499, 505 (2010))); *Conner v. City of Forest Acres*, 348 S.C. 454, 465-66, 560 S.E.2d 606, 612 (2002) (setting forth the elements of a claim for breach of contract accompanied by a fraudulent act as "(1) a breach of contract; (2) fraudulent intent relating to the breaching of the contract and not merely to its making; and (3) a fraudulent act accompanying the breach"); *Ball v. Canadian Am. Exp. Co.*, 314 S.C. 272, 276, 442 S.E.2d 620, 623 (Ct. App. 1994) (holding breach of contract accompanied by a fraudulent act "requires *proof* of fraudulent intent relating to the breaching of the contract and not merely to its making" (emphasis added)).

Second, we find no genuine issues of material fact exist as to the fraud claim. *See Schnellmann v. Roettger*, 373 S.C. 379, 382, 645 S.E.2d 239, 241 (2007) (setting

forth the first element of a cause of action for fraud as a representation of fact); *id.* ("The failure to prove any element of fraud or misrepresentation is fatal to the claim.").

Third, we find no genuine issues of material fact exist as to the breach of fiduciary duty claim. *See Regions Bank v. Schmauch*, 354 S.C. 648, 671, 582 S.E.2d 432, 444 (Ct. App. 2003) ("South Carolina holds the normal relationship between a bank and its customer is one of creditor-debtor and not fiduciary in nature."); *id.* at 670-71, 582 S.E.2d at 444 ("[A] fiduciary relationship cannot be established by the unilateral action of one party. The other party must have actually accepted or induced the confidence placed in him.").

Fourth, we find no genuine issues of material fact exist as to the SCUTPA claim. *See* S.C. Code Ann. § 39-5-20(a) (1985) (declaring as unlawful "unfair or deceptive acts or practices in the conduct of any trade or commerce"); *Wright v. Craft*, 372 S.C. 1, 23, 640 S.E.2d 486, 498 (Ct. App. 2006) (noting that in order to recover under the SCUTPA, a plaintiff must show "the defendant engaged in an unfair or deceptive act in the conduct of trade or commerce"); *id.* at 26, 640 S.E.2d at 500 ("Whether an act or practice is unfair or deceptive within the meaning of the [SC]UTPA depends on the surrounding facts and the impact of the transaction on the marketplace.").

**AFFIRMED.**[1]

**HUFF, A.C.J., and WILLIAMS, and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.