**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Wells Fargo Bank, N.A., Successor by merger to Wachovia Bank, N.A., Respondent,

v.

Ronald P. Pappas, a/k/a Ronald Peter Pappas, and Camine Pappas, Appellants,

And

Ronald P. Pappas, a/k/a Ronald Peter Pappas, and Camine Pappas, Cross-Plaintiffs,

v.

Wells Fargo Bank, N.A., and Craft Development, LLC, A North Carolina Limited Liability Company, Cross-Defendants.

Appellate Case No. 2014-001505

———————

Appeal From Lancaster County
R. Knox McMahon, Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-263
Submitted February 1, 2016 – Filed June 8, 2016

———————

**AFFIRMED**

John Martin Foster, of Rock Hill, for Appellants.

Shelton Sterling Laney, III, of Womble Carlyle Sandridge & Rice, LLP, of Greenville, and Matthew Todd Carroll, of Womble Carlyle Sandridge & Rice, LLP, of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Dawkins v. Fields*, 354 S.C. 58, 69, 580 S.E.2d 433, 439 (2003) (noting that to avoid summary judgment, "the nonmoving party must demonstrate the likelihood that further discovery will uncover additional relevant evidence and that the party is 'not merely engaged in a "fishing expedition"'" (quoting *Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 112, 410 S.E.2d 537, 544 (1991))); *Schnellmann v. Roettger*, 373 S.C. 379, 382, 645 S.E.2d 239, 241 (2007) ("To establish a cause of action for fraud, the following elements must be proven by clear, cogent, and convincing evidence: (1) a representation of fact; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) *the hearer's reliance on its truth*; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury." (emphasis added)); *id.* ("The failure to prove any element of fraud . . . is fatal to the claim."); *AMA Mgmt. Corp. v. Strasburger*, 309 S.C. 213, 222, 420 S.E.2d 868, 874 (Ct. App. 1992) ("[T]he plaintiff must allege and prove the following essential elements to establish liability for negligent misrepresentation: (1) the defendant made a false representation to the plaintiff; (2) the defendant had a pecuniary interest in making the statement; (3) the defendant owed a duty of care to see that he communicated truthful information to the plaintiff; (4) the defendant breached that duty by failing to exercise due care; (5) *the plaintiff justifiably relied on the representation*; and (6) the plaintiff suffered a pecuniary loss as the proximate result of his reliance upon the representation." (emphasis added)); *Jefferies v. Phillips*, 316 S.C. 523, 527, 451 S.E.2d 21, 23 (Ct. App. 1994) ("To be actionable under the [South Carolina Unfair Trade Practices Act], an unfair or deceptive practice or act must adversely affect the public interest."); *King v. Oxford*, 282 S.C. 307, 312, 318 S.E.2d 125, 128 (Ct. App. 1984) ("The court will not protect the person who, with full opportunity to do so, will not protect himself."); *McCall v.*

*Finley*, 294 S.C. 1, 4, 362 S.E.2d 26, 28 (Ct. App. 1987) ("[W]hatever doesn't make any difference, doesn't matter.").

**AFFIRMED.**[1]

**HUFF, A.C.J., and KONDUROS and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.